■ ALBANY SUPPLY AND EQUIPMENT CO., INC., Appellant, v. CITY OF COHOES, Respondent.— *Per Curiam*.    Appeal from an order of the Supreme Court, Albany County granting respondent's motion dismissing appellant's complaint pursuant to CPLR 3211 (subd. [a], par. 7) and denying appellant's cross motion for summary judgment pursuant to CPLR 3213.    Appellant seeks to recover $27,739.85 for goods and supplies allegedly delivered to the respondent between 1958 and 1963.    Section 99 of the Charter of the City of Cohoes provides in pertinent part as follows: "nor shall any such board or officer expend or contract to expend any money or incur any liability upon or by virtue of an open market order until an order in writing, made in triplicate, is submitted to the comptroller and he shall have certified thereon that unexpended funds, appropriated for that purpose, are available to meet a claim therefor if incurred.    One of such copies shall be retained by the comptroller, one by the officer issuing the order, and the third shall be delivered to the person furnishing the merchandise or material or who shall perform the service specified therein, and be attached to the claim presented to the comptroller for audit.    *Any contract, verbal or written, made in violation of this section shall be null and void as to the city, and no moneys belonging to the city shall be paid thereon.*"  (Emphasis added.)    It is clear that the verbal contracts here alleged were made in direct contravention of this provision and they are thus unenforcible (e.g., *McDonald* v. *Mayer*, 68 N. Y. 23; 40 N. Y. Jur., Municipal Corporations, § 822).    Nor is the municipality liable because it received the benefits of the contract (40 N. Y. Jur., Municipal Corporations, §§ 822, 825).    "It is established law in this State that where there is a lack of authority on the part of agents of a municipal corporation to create a liability, except by compliance with well-established regulations, no liability can result unless the prescribed procedure is complied with and followed.    Although other jurisdictions may recognize a claim upon a *quantum meruit* or *quantum valebant*, even though there were irregularities or defects in the method of contracting for the services, it is clear that such is not the law in this State."  (*Lutzken* v. *City of Rochester*, 7 A D 2d 498, 501.)    In *Seif* v. *City of Long Beach* (286 N. Y. 382, 387–388) the Court of Appeals held: "Mere acceptance of benefits by the city under a contract made without authority does not estop a municipal corporation from challenging the validity of the contract and from denying liability for materials furnished or services

rendered under a contract not made or ratified by a board or officer acting under authority conferred by law and in the manner prescribed by law. * * * Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city. In similar case this court has given emphatic warning that equitable powers of the courts may not be invoked to sanction disregard of statutory safeguards and restrictions." Order affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.