■     IRWIN EMERMAN et al., Copartners Doing Business under the Name of TUMARKIN, MORGAN AND EMERMAN, Respondents, v. CITY OF NEW YORK, Appellant.— Judgment entered November 23, 1966 in favor of plaintiffs-respondents against defendant-appellant, upon the verdict of a jury on the issue of liability, unanimously reversed, on the law, without costs and without disbursements, and the complaint dismissed. Pursuant to a written contract, plaintiff partnership, an engineering firm, performed certain work in connection with plans and specifications for a projected shipping terminal. Part A (preliminary studies and plans) was authorized in writing by the Commissioner of Marine and Aviation, and was completed. Performance thereof having been approved by the Board of Estimate, it was paid for. Plaintiffs moved on to performance of Part B (final plans and specifications), actually prior to approval by the Board of Estimate of Part A, and even before a claimed oral authorization to proceed was given by the Commissioner. Though the giving of that oral authorization was a disputed issue of fact, the jury apparently found it had been given. We accept that, but it makes no difference. The Commissioner never gave a writing to this effect; indeed, plaintiffs' evidence established that the Commissioner had said he could not do so. The Board of Estimate never approved Part B, and the project never went forward. It appears that the terminal had been meant for a particular tenant, with whom discussions

were in progress, as plaintiffs knew, and the idea was dropped when lease negotiations were abandoned. The issue of liability was tried to a jury, submitted on an instruction that the Commissioner's authority in these circumstances was a question of fact. It was not. The trial court should have decided as a matter of law that the Commissioner had no such authority (*Seif* v. *City of Long Beach,* 286 N. Y. 382; 1938 N. Y. City Charter, §§ 70, 704). Further, the very contract between the parties precluded performance of Part B without prior approval, never forthcoming, of the Board of Estimate, and that contract forbade any amendment not in writing. Nor should there have been submission on the issue of a claimed estoppel by reason of work done in reliance on the unauthorized oral direction to proceed, for that direction, assumedly in good faith, was given in the obvious absence of power so to do. (*Matter of Zucker* v. *New York City Employees' Retirement System,* 27 A D 2d 207, affd. 21 N Y 2d 904, and cases therein cited.) In these circumstances, plaintiffs elected· to proceed at their own peril (*Steiner Egg Noodle Co.* v. *City of New York,* 34 A D 2d 892). The complaint should have been dismissed at the close of plaintiffs' case. Concur — Eager, J. P., Markewich, Tilzer and Bastow, JJ.