■ PATRICIA I. LAMPHEAR, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63407.) — Appeal from a judgment in favor of claimant, entered February 26, 1982, upon a decision of the Court of Claims (Hanifin, J.). On April 9, 1978, claimant, a member of the women's intercollegiate varsity softball team at Delhi State Agricultural and Technical College, was injured while sliding into third base on a makeshift softball diamond, the regular playing surface having been rendered unplayable because of heavy rains. At trial, claimant established that her injuries resulted from catching her left shoe in a depression close to third base that was approximately one foot wide and three or four inches deep and concealed from view by grass. Claimant further testified that she did not see the depression prior to sliding. The trial court, holding that the State had a duty to inspect the field for unsafe conditions and that such duty became more clearly defined when the game was moved to a makeshift field, rendered a judgment in the sum of $18,000 in favor of claimant. While we would be inclined to closely review the factual interchange between the school's coach and the softball players in terms of the degree of reasonable care owed the game participants in accordance with the standards set out in *Basso v Miller* (40 NY2d 233), we are foreclosed from such a review by the contents of the State's brief on this appeal. The sole issue advanced in the State's brief is that "Assumption of the risk * * * is at least a partial, if not a complete, defense". While the notice of appeal recites that it is taken from each and every part of the judgment, the State's failure to raise the issue of negligence in its brief is tantamount to an abandonment of that issue (*Matter of Pessano*, 269 App Div 337, 341, affd 296 NY 564). Next, when the Legislature enacted the comparative negligence statute (CPLR 1411) in 1975, it abolished the doctrine of assumption of risk and contributory negligence as absolute bars to a plaintiff's recovery. Currently, and at the time of the accident at issue here, assumption of risk and contributory negligence are termed "culpable conduct" and, if proven, operate only to proportionately reduce a plaintiff's recovery (CPLR 1411). As an affirmative defense (see CPLR 3018, subd [b]), assumption of risk is considered only after the plaintiff establishes a prima facie case of negligence, as was done here. Accordingly, we turn to claimant's conduct, not to juxtapose it to defendant's actions to determine liability, but, rather, to ascertain if the verdict should have been proportionately diminished due to any culpable conduct attributable to claimant. Since it is clear that claimant had no prior knowledge of the depression and, at the moment of injury, was engaged in a normal activity associated with playing softball, we conclude that her actions did not rise to the level of culpable conduct so as to invoke the provisions of CPLR 1411. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.