▮ HUGH McKEE, Respondent, v CITY OF COHOES BOARD OF EDUCATION, Appellant. — Appeal from that part of an order of the Supreme Court at Special Term (Hughes, J.), entered December 27, 1982 in Albany County, which granted plaintiff's motion to dismiss the first and second affirmative defenses, and denied defendant's cross motion for summary judgment dismissing plaintiff's first and second causes of action. In the fall of 1977, defendant City of Cohoes Board of Education began consideration of the feasibility of constructing a new elementary school. On June 13, 1978, defendant voted to appoint plaintiff as engineer for the construction of said structure. On January 9, 1979, defendant authorized appropriation of the sum of $25,000 for engineering and survey services in connection with the proposed elementary school. A public informational hearing was held on March 28, 1979 at which plaintiff presented preliminary plans for the school. A second public meeting was scheduled to be held on April 4, 1979, but was postponed because of

uncertainties in available State funding. The hearing was never rescheduled, however, and construction was never begun on the new school. On April 4, 1979, then school Superintendent Gerald Amyot signed a contract with plaintiff which purported to retain plaintiff as engineer for the elementary school project at a rate of 6% of the cost of construction of said school. The cost of the project was estimated at $3.6 million. Plaintiff maintains that on prior projects undertaken by him for defendant, the practice had always been for the school superintendent to sign on behalf of defendant. In late August, 1979, plaintiff submitted a voucher for $20,000 to cover the cost of preliminary work on the project. By check dated August 30, 1979, payment of that $20,000 was made to plaintiff out of the $25,000 appropriation. On September 18, 1979, a story appeared in a local newspaper to the effect that even though the proposed elementary school would not be built, plaintiff had already provided over $100,000 worth of services with respect thereto and would seek payment thereof. According to the newspaper account, plaintiff stated that he had only billed the school district for $20,000 because defendant had not yet appropriated the rest of the money. At its September 18, 1979 meeting, defendant voted to direct plaintiff to suspend any and all work on the plans for the new school, and plaintiff was so notified by telephone on September 19, 1979 and by letter dated September 20, 1979. Additionally, defendant voted to retain an attorney to determine the school district's legal rights with respect to all matters pertaining to the proposed new school. The attorney reported to defendant at its November 20, 1979 meeting and, after discussing the matter, defendant decided that it would not make further payments to plaintiff. Plaintiff states that he never received formal notice that defendant would not honor the alleged contract and that it was not until he read a newspaper article dated November 21, 1979, discussing the November 20, 1979 meeting, that he discovered that defendant intended to make no further payments to him. On February 18, 1980, plaintiff served a notice of claim upon defendant board seeking $300,000 for services rendered. Plaintiff commenced an action against defendant on August 14, 1980, which was dismissed without prejudice because of plaintiff's failure to timely serve a complaint. Defendant had also moved to dismiss the action for failure to timely serve a notice of claim pursuant to subdivision 1 of section 3813 of the Education Law. In dictum, Special Term noted that a factual issue existed as to when precisely plaintiff's claim accrued. Plaintiff thereafter commenced the instant action in June, 1982, asserting causes of action for breach of contract, fraud and *quantum meruit*. Defendant answered raising five affirmative defenses. The first affirmative defense alleges that plaintiff's action is barred by his failure to present a verified claim to defendant within three months of accrual of the claim as is required by section 3813 of the Education Law. The second affirmative defense charges that the action is barred by the applicable Statute of Limitations. The third, fourth and fifth affirmative defenses basically allege that defendant only retained plaintiff to the extent of the January 9, 1979 appropriation and that the contract which plaintiff purportedly entered into with former Superintendent Amyot was illegal and, therefore, unenforceable, since entering into such was an *ultra vires* act on Amyot's part. Plaintiff moved to dismiss the first and second affirmative defenses. Defendant thereafter cross-moved for summary judgment. Special Term dismissed both the first and second affirmative defenses, holding that plaintiff's notice of claim had been timely filed and that plaintiff's causes of action were not time barred. The court also granted summary judgment dismissing plaintiff's third cause of action in *quantum meruit*. Defendant's cross motion for summary judgment dismissing the complaint was in all other respects denied. This appeal by defendant ensued.[*]

---

[*] Although the notice of appeal recites that it is from so much of the order

Subdivision 2 of section 2522 of the Education Law provides, *inter alia*, that: "No expenditure, or contract which in any manner involves the expenditure of money or the incurring of any pecuniary liability, shall be made or entered into by the school district, or officer or employee thereof, unless an amount has been appropriated and is available therefor". It is uncontroverted that no appropriation for the amount of the contract was ever made by defendant. Indeed, the $25,000 appropriation made on January 9, 1979 supports defendant's position that it intended to allow payments for a limited amount of work and did not intend to bind itself to an open-ended obligation to plaintiff. In any event, since the April 4, 1979 contract executed by the superintendent resulted in a pecuniary liability to plaintiff in an amount greater than that appropriated, it clearly violates the provisions of section 2522 of the Education Law. The subject contract was, therefore, not entered into in conformity with statutory requirements and is invalid (*Granada Bldgs. v City of Kingston,* 58 NY2d 705; *Kelly v Cohoes Housing Auth.,* 27 AD2d 463, affd 23 NY2d 692; *Albany Supply & Equip. Co. v City of Cohoes,* 25 AD2d 700, affd 18 NY2d 968). Moreover, as a "governmental subdivision cannot be held answerable for the unauthorized acts of its agents" (*Granada Bldgs. v City of Kingston, supra,* p 708; *Emerman v City of New York,* 34 AD2d 901; *Albany Supply & Equip. Co. v City of Cohoes, supra*), estoppel may not be asserted by plaintiff (*Granada Bldgs. v City of Kingston, supra*). Contrary to plaintiff's suggestion, the express requirements of section 2522 of the Education Law may not be nullified by implied authorization (cf. *Seif v City of Long Beach,* 286 NY 382; *Hess v Board of Educ.,* 41 AD2d 151). As the Court of Appeals noted in *Seif v City of Long Beach* (*supra,* p 389): "We do not consider whether a moral obligation may exist, which should have been recognized by the [board]. No legal obligation arose." Finally, we turn to plaintiff's fraud cause of action. In this regard, plaintiff asserts that defendant "falsely and fraudulently" represented to him that it would build an elementary school and that plaintiff would perform all the architectural work. Plaintiff, in opposition to the summary judgment motion, has wholly failed to substantiate these bald allegations (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.12). Accordingly, defendant's cross motion for summary judgment should have been granted in all respects. Having reached the above conclusion, we find it unnecessary to reach defendant's remaining contention concerning Special Term's dismissal of its first affirmative defense. Order modified, on the law, by reversing so much thereof as denied defendant's cross motion for summary judgment with respect to the first and second causes of action in the complaint, cross motion for summary judgment granted and the entire complaint dismissed and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

dismissing the first and second affirmative defenses and denying defendant's cross motion for summary judgment, defendant's failure to raise the Statute of Limitations issue in its brief "is tantamount to an abandonment of that issue" (*Lamphear v State of New York,* 91 AD2d 791).