■ STATE OF NEW YORK, Appellant-Respondent, v JOAN T. GORDON, Respondent-Appellant. — Cross appeals from an order of the Supreme Court at Special Term (Williams, J.), entered May 16, 1983 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment and defendant's cross motion to dismiss the complaint. ¶ Defendant worked from February, 1967 until September, 1968 as a caseworker for the New York City Department of Social Services' Bureau of Child Welfare. By virtue of her employment, she became eligible and participated in the New York State Department of Social Services' (the department) "Social Work Careers Program". Under the program, defendant sought her Master's degree in social work at Columbia University and the department paid her tuition and expenses and provided her with an annual salary. In return, defendant agreed that "within one week after the last official day of [her] required attendance" she would: "accept * * * employment with the New York State Department of Social Services or with such local public social services agency as the New York State Department of Social Services may designate or approve." ¶ This employment was to continue for at least one year for each academic year of graduate education she received. The agreement further provided that defendant would reimburse the department for the sums it expended on her education if defendant broke her commitment. Defendant attended Columbia University under the agreement from August, 1968 until February, 1970, when the department granted her a six-month maternity leave. In September, 1970, the department allowed defendant to withdraw from the careers program and defer her commitment to August 1, 1971 on five conditions. Defendant agreed with these conditions. In July, 1971, the department refused to grant another deferment and demanded that defendant either "seek and accept appropriate employment" or repay the $9,501.08 the department had expended on defendant's education. Plaintiff then commenced this breach of contract action on or about June 4, 1976. In October 1982, plaintiff moved for summary judgment and defendant cross-moved for dismissal of the complaint or, alternatively, for change of venue to Nassau County. Special Term, *inter alia,* denied plaintiff's summary judgment motion and defendant's cross motion to dismiss the complaint, and granted the change of venue. The instant cross appeals ensued. ¶ Initially, it should be noted that defendant has never asserted that she did not have an obligation to *seek* employment. Indeed, defendant as much as admitted this obligation when, in urging before Special Term that questions of fact exist with respect to impossibility of performance, she asserted that she attempted to fulfill her obligation under the contract in 1976 by seeking employment. It should also be observed that defendant expressly limited her appeal from that portion of the order which "denied defendant's cross-motion for an order dismissing the action". That cross motion was based on the sole ground that the action was barred by laches. On appeal, defendant has abandoned this issue, arguing only that plaintiff's motion for summary judgment was properly denied as "the question of impossibility of performance in 1976 is unquestionably a [material] question of fact for the Trial Court" (see *McKee v City of Cohoes Bd. of Educ.,* 99 AD2d 923; *Lamphear v State of New York,* 91 AD2d 791). Accordingly, the only issue before this court is whether factual questions exist sufficient to bar summary judgment. In this regard, defendant has admitted her nonperformance of the contract, arguing only that such failure should be excused due to impossibility of performance in 1976 (see 22 NY Jur 2d, Contracts, §§ 327, 341, pp 208-209; 227-229). ¶ In any event, assuming, *arguendo,* that there is an issue with respect to defendant's breach, it is our view that a breach occurred in 1971. In September, 1968, pursuant to the contract in question, defendant began attending Columbia University and continued her studies until February, 1970. At that time, she was granted a six-month maternity leave. ¶ On

August 19, 1970, defendant wrote to the department stating that she was unable to return to school or work because of her maternal responsibilities and that she was withdrawing from the department's program, and requesting an indefinite deferment of her commitment under the contract. In response, on September 28, 1970, the department informed defendant that she had no right to any such deferment, but the department agreed to a limited extension until August 1, 1971. Defendant accepted the deferment and the five ancillary conditions. Condition (1) provided that the deferment extended only until August 1, 1971, and condition (5) provided that failure by defendant to comply with the first four conditions may result in a demand on her to *seek and accept* appropriate employment or to immediately submit a repayment plan. ¶ Defendant thereafter requested a further deferment. By letter dated July 7, 1971, this request was denied and the department demanded, as outlined in condition (5), that defendant "either seek and accept appropriate employment by August 1, 1971 or * * * submit a plan for repayment". In response to this correspondence, defendant, by letter dated July 16, 1971, rejected fulfilling either of her alternatives, writing: "Let me state clearly that I have no intention of seeking employment at this time, nor do I intend to repay you the monies already spent on my education." ¶ On July 23, 1971, the department asked defendant to reconsider her decision and informed her that unless she changed her mind within a week, the matter would be referred to the department's legal staff. No further communication was received from defendant, and the due date for her performance under the contract, August 1, 1971, passed without any action on her part to comply. Plaintiff thereafter commenced this action. By failing to fulfill her obligation under the contract by the required date, defendant breached said contract. Moreover, defendant's clear declaration of her intention not to perform could properly be considered a breach (see *Franklin Sugar Refining Co. v Lipowicz,* 220 App Div 160, 167, affd 247 NY 465; 22 NY Jur 2d, Contracts, §§ 387, 393, pp 295-296; 303-306). ¶ Special Term found that summary judgment was improper because issues of fact existed with respect to defendant's contention that performance in 1976 was impossible. Any impossibility encountered in *1976,* however, is irrelevant to the breach herein which occurred in *1971.* We, therefore, modify the order by reversing so much thereof as denied plaintiff's motion for summary judgment and grant plaintiff's motion. ¶ Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment, motion granted, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Mikoll, J., dissents in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. A search of this record indicates that defendant is entitled to summary judgment. The Appellate Division has the authority to grant such relief pursuant to CPLR 3212 (subd [b]) even in the absence of any appeal by a nonmoving party (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112). ¶ Special Term's decision assumes that defendant breached her contract with plaintiff. The moving papers and supporting documents do not bear this out. Defendant could not be in breach of her contract unless performance was due by her and all conditions had been satisfied (see Restatement, Contracts 2d, § 235, Comment *b*). Reference to the original contract indicates that defendant was required "to accept" employment with plaintiff "or with such local public social services agency as the New York State Department of Social Services may designate or approve". The contract did not, as urged by plaintiff, require defendant "to seek" employment. No employment was ever offered to defendant. The conditions imposed on defendant in granting her a deferment in August, 1971 also did not require defendant to seek employment. Plaintiff unilaterally attempted to change the terms of the contract by de-

manding that defendant seek employment. Defendant never undertook the obligation which plaintiff claims she breached, that is, agree to seek employment. Without a breach of contract by defendant, plaintiff has no cause for action, and defendant is entitled to a judgment of dismissal.