■ GEORGE DZIADIW, Respondent, v 352 STATE STREET CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 2, 1984 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

In this action, plaintiff seeks specific performance of a contract for the sale of an apartment building, the sole asset of defendant. The action is based upon a standard form "Contract for Purchase and Sale of Real Estate", signed by plaintiff as purchaser, and signed on behalf of defendant by Konstanty Naider, its president. The contract, which provided for a total purchase price of $675,000, was signed by both parties on December 15, 1983. Upon signing, plaintiff gave defendant a deposit in the sum of $1,500. Subsequently, by letter dated March 12, 1984, defendant returned the deposit to plaintiff, explaining that defendant "cannot comply with a contingency granting a '$100,000 purchase money mortgage' ". Plaintiff returned the deposit and commenced the instant suit for specific performance. In due course, defendant moved for summary judgment. This motion was denied and the instant appeal by defendant ensued.

Defendant's sole argument on appeal is that it had an absolute right to cancel the contract based upon the "contingency" referred to in its letter of March 12, 1984. This clause of the contract stated:

"OTHER CONTINGENCIES:

"obtaining a 100,000 purchase money mortgage to seller with an 11% interest rate payable as 20 per term with a ballon [*sic*] payment after 7 years."

The words "Other Contingencies" was part of the form, while the remainder of the clause was written in by hand.

Under the circumstances presented herein, such a provision cannot be relied on by defendant as excusing its performance. Defendant, by its own action, has prevented the fulfillment of this provision of the contract and, accordingly, it must perform (see 22 NY Jur 2d, Contracts, §§ 365, 366). Consequently, as an aid in the disposition of this action, we conclude that defendant may not rely upon any defense based upon its failure to comply with the contingency clause contained within the contract (see CPLR 3212, subds [b], [g]; Siegel, NY Prac, § 282, p 339; cf. *E. B. Metal & Rubber Inds. v County of Washington,* 102 AD2d 599, 603).

Special Term also denied summary judgment upon the ground that factual issues exist with respect to whether Naider had authority to enter into the subject contract on defendant's behalf. Neither party contends on appeal that this determination of Special Term was erroneous. Accordingly, we do not address the issue (cf. *McKee v City of Cohoes Bd. of Educ.,* 99 AD2d 923).

Order modified, on the law, without costs, by declaring that defendant may not rely on any defense based upon its failure to

comply with the contingency clause contained within the contract, and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.