■ CHRISTIAN RUPERT OF NEW YORK, INC., et al., Respondents, v ELIZABETH MALLINCKRODT, Appellant.

In 1977 defendant Mallinckrodt and plaintiff Christian Rupert formed Christian Rupert of New York, Inc. for the purpose of marketing women's clothes to be designed by Rupert. Defendant owned 51 shares of the corporation's common stock, for which she paid $100,000, while plaintiff owned 49 shares. In December 1982 the business was declared a failure, and defendant resigned as director, returning her stock to the company. Plaintiff thereafter commenced the instant action against defendant.

The first cause of action, seeking to hold defendant liable for the corporation's Federal taxes, was dismissed for failure to state a cause of action in that defendant could not be held personally liable for the debts of the corporation. The second cause of action, alleging a promise by defendant to pay the corporation's obligations, was likewise dismissed in that an oral promise to answer for the debt of another is unenforceable under the Statute of Frauds. The propriety of these determinations is

not raised on this appeal. The sole contention on appeal is Special Term's denial of defendant's motion seeking to dismiss the third cause of action because it is barred by the Statute of Frauds or, alternatively, seeking summary judgment on the third cause of action for failure to state a claim.

In his third cause of action plaintiff alleges that defendant made an oral promise to reimburse him for the time and talent he contributed to the corporation. Special Term declined to dismiss this claim, choosing to interpret it as one for breach of an employment contract, terminable at will, and therefore not subject to the Statute of Frauds requirement of a writing for an agreement not performable within one year. However, a careful review of the record indicates that plaintiff's allegations, in the first instance, are insufficient to make out a cause of action for breach of an employment agreement. Special Term therefore improperly denied defendant's motion for summary judgment on that cause of action.

In her motion for summary judgment defendant specifically alleged that plaintiff received 49 shares of the corporate stock in return for contributing his services to the corporation and that the corporation paid him a salary until it went out of business. She added that she never, orally or in writing, agreed to pay plaintiff for the services he rendered to the corporation. Plaintiff's affidavit in opposition readily shows the absence of any denial of these assertions or any claim that defendant did agree to pay or hire plaintiff sufficient to make out a cause of action for breach of an employment contract. Rather, plaintiff merely alleges that defendant defrauded him of salaries and that his services were tortiously obtained, allegations which do not even address the existence of a specific employment agreement. It is axiomatic that a party seeking to defeat a motion for summary judgment is required to lay bare his proof in an affidavit sworn to by one having knowledge of the facts. (*Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 31-32, *affd* 49 NY2d 924.) Accordingly, the absence of even a denial of the moving party's claims by one with knowledge of the facts is dispositive with respect to so much of the motion as sought summary judgment. Defendant's motion for summary judgment on the third cause of action is thereby granted and the complaint is dismissed. Concur — Murphy, P. J., Ross, Carro and Kassal, JJ.