OPINION OF THE COURT
Bernard F. McCaffrey, J.
The plaintiff moves for an order setting aside the verdict and directing a new trial on the issue of liability in this case following a jury trial on June 12, 13, 14, 18 and 19, 1985.
The plaintiff was a passenger in an automobile owned by defendant, Peter Prudente, and operated by defendant, Paul Prudente, on May 26, 1982, when the Prudente vehicle was involved in a collision with the vehicle owned and operated by defendant, Robert Sforza.
The evidence presented at the trial reflected that the question or issue of the comparative negligence of the passenger, plaintiff, Ciserano, and the issue or question of said plaintiffs conduct in terms of assumption of the risk be presented to the jury along with the issue and question of liability on the part of the defendants. This was necessary because the evidence *1040 presented at the trial produced testimony to the effect that just prior to its contact between the Sforza and Prudente vehicles the Prudente vehicle was observed traveling at an excessive rate of speed while changing lanes and weaving in and out of traffic. There was also testimony presented at the trial indicating just prior to the contact between the Sforza and Prudente vehicles, the plaintiff himself participated in conduct which the jury could have found to have distracted the driver of the Prudente vehicle, in that he was observed hanging out of or sitting in the open passenger window of the Prudente vehicle as it traveled along Hempstead Turnpike some point prior to impact with the Sforza vehicle. In addition, testimony at the trial also reflected that the defendant, Paul Prudente, had been drinking at a party prior to picking up plaintiff, Ciserano, and that the plaintiff was aware of this.
The court, contrary to the claim of plaintiff, did not fail to charge PJI 2:87 (Motor Vehicle Accidents — Contributory Negligence of Passenger). Said charge was not requested by the plaintiff; it was, however, requested by the defendants, Sforza and Prudente, and incorporated into the charge with the appropriate modifications.
The plaintiff contends that the court should not have separated plaintiff’s contributory negligence from assumption of the risk, inasmuch as the legislative enactment of the comparative negligence statute (CPLR 1411), in plaintiff’s view, melded contributory negligence and assumption of risk into culpable conduct. It is the plaintiff’s position that plaintiff’s contributory negligence and any assumption of risk combined constitute plaintiff’s culpable conduct. The plaintiff, therefore, objects to the fact the court, in its charge and questionnaire, distinguished the issue of plaintiff’s comparative negligence from the issue or question of assumption of the risk on the part of plaintiff. This was done by first presenting to the jury the question of actionable negligence on the part of all the parties to the action, and then putting to the jury the question of whether or not it had been established that plaintiff, by his conduct, assumed the risk of riding in the Prudente vehicle on May 26, 1982. If the jury answered the question as to the assumption of risk in the affirmative, as it did, the jury was asked to what extent, if any, should plaintiff’s recovery be reduced or diminished by the finding of the jury as to plaintiff’s assumption of the risk.
The argument of plaintiff with regard to the court’s treatment of the question of plaintiff’s comparative negligence and *1041 assumption of the risk is that it allowed the jurors to apportion plaintiffs negligence or liability in two separate parts, contending that by directing the jury to apportion plaintiffs liability and then to continue to diminish his recovery, the jury diminished plaintiffs recovery at two stages resulting in prejudice to plaintiff. In support of his position the plaintiff relies heavily on two cases, Lamphear v State of New York (91 AD2d 791) and Curry v Moser (89 AD2d 1).
Neither case cited by the plaintiff is on point. Lamphear v State of New York (supra) really adds nothing to the plaintiffs argument herein, as it merely stands for the general proposition that enactment of CPLR 1411 in 1975 abolished the doctrine of assumption of risk and contributory negligence as absolute bars to a plaintiffs recovery. The Lamphear case indicates that assumption of risk and contributory negligence are termed culpable conduct, and if proven operate to proportionately reduce a plaintiff’s recovery. The decision goes on to say that assumption of risk is considered only after plaintiff establishes a prima facie case of negligence.
In Curry v Moser (supra) the point is made at page 9 that conduct that may be attributed to the happening of the accident on the part of the plaintiff, may not again be considered in mitigation of damages, for that would amount to a double reduction of plaintiff’s damages based upon the same conduct and, thus, would be inappropriate. That is the very point that sets the case at bar apart from either the Lamphear case or the Curry case. In the case at bar the distinction to be made here is that the culpable conduct attributed to the plaintiff, Ciserano, as bearing upon the possible proximate cause of the accident was not the same conduct which established the basis for a finding of plaintiff’s assumption of the risk. The decision in Curry appears to address itself to the fact there can be such a distinction, although it did not present itself in that case.
Here, the jury was asked to find if it had been established by a fair preponderance of the evidence that the plaintiff, Ciserano, was negligent, and that said negligence was a proximate cause of the incident. The jury was asked in this respect to consider the testimony from the record which showed that shortly before contact between the two vehicles, and whether such conduct may have been a proximate cause of the incident. That is, the plaintiff’s conduct in the form of comparative negligence, namely, his sitting in the window of the Prudente vehicle, hanging out of the car in such a manner *1042 that he may very well have been a distraction to the driver of the Prudente vehicle and, hence, a cause of the very accident in which plaintiff claims to have been injured. That conduct is culpable conduct of a far different nature than the conduct of a plaintiff who knowingly enters a vehicle whose driver has been drinking and knowingly continues to ride with a driver in a vehicle observed by others (nonparty witnesses) to be driven at a very excessive rate of speed, weaving in and out of traffic and changing lanes in an unsafe manner blocks before any contact with the Sforza vehicle. Such conduct, if established, is culpable conduct of a different variety but which, in and of itself, would not rise to the category of the proximate cause of the accident.
CPLR article 14-A, enacted in 1975, provides that as to all causes of action accruing on or after September 1, 1975, "the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages.” (CPLR 1411.) The Court of Appeals in Arbegast v Board of Educ. (65 NY2d 161) indicated that judicial development of the concept of "culpable conduct” would not be precluded. It so happened that the Court of Appeals in the Arbegast decision affirmed the Appellate Division, which had previously affirmed the Trial Judge, who in handling the assumption of risk question in that case ruled that the plaintiff’s conduct was to be measured not in diminution of damages, but solely for the purpose of determining whether all of the elements of plaintiff’s cause of action exist, one of the elements being that plaintiff did not knowingly expose herself to the danger of injury. The Arbegast case was submitted to the jury under instructions that, if plaintiff knowingly exposed herself to the dangers of her conduct, she could not recover.
In the case at bar, this court did not go that far, instead, leaving it to the jury to weigh and scale the culpable conduct of plaintiff under the assumption of risk rule. The jury first found defendant, Prudente, 75% liable for causing the incident, and plaintiff, Ciserano, 25% liable for causing the incident. In this respect, it should be noted that the jury absolved the defendant, Sforza, of any blame for the happening of the incident. In effect, this would have entitled the plaintiff, Ciserano, to then proceed into the damage phase of the trial *1043 against defendant, Prudente, with the prospect of collecting a recovery of 75% of damages proven to be causally related to the incident of May 26, 1982. However, at this stage, the jury was asked to examine and determine the extent to which the plaintiffs cause of action exists in terms of the rule of assumption of the risk. In its determination the jury ruled that the plaintiff was not entitled to any portion of the 75% awarded as against defendant Prudente.
With respect to the claim of plaintiff that the court failed to advise that a passenger is entitled to assume that the driver will comply with the provisions of the Vehicle and Traffic Law and will use reasonable care (PJI 2:87), as indicated earlier, the court did charge PJI 2:87 with the appropriate modifications dictated by the circumstances.
It should be noted that part of plaintiffs problem here from the outset may be found in plaintiffs approach to the trial herein, in that he never appeared to accept the fact that á passenger is not just a spectator to the happening of an event, and that he is not necessarily blameless for the happening of an event.
Accordingly, the motion to set aside the verdict and to direct a new trial on the issue of liability is denied.