■ Joseph Ciserano, Appellant, v Robert Sforza et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered April 23, 1986, which, after a jury trial on the issue of liability, is in favor of the defendants and against him.

Ordered that the judgment is modified, on the law, by (1) deleting the provisions thereof which are in favor of the defendants Paul Prudente and Peter Prudente on the issue of liability, and (2) severing the action as against those defendants and granting a new trial on the issue of the apportionment of the plaintiff's fault vis-à-vis the defendants Prudente; as so modified, the judgment is affirmed, with costs to the defendant Robert Sforza payable by the plaintiff.

On May 26, 1982, at about 11:15 P.M. the plaintiff Joseph Ciserano was a front seat passenger in a car owned by the defendant Peter Prudente and driven by his son, the defendant, Paul Prudente, on the Hempstead Turnpike in Nassau County. The Prudente vehicle was involved in a collision with a car owned and driven by the defendant Robert Sforza.

At the liability portion of the trial both Ciserano and Paul Prudente testified that they drank beer about an hour before the accident at a gathering in a high school field. Further

testimony indicated that Prudente had gone to a bar with a friend apparently during the time Ciserano was at the field. Prudente subsequently returned to the field, picked up Ciserano and another passenger and the Prudente vehicle proceeded west on the Hempstead Turnpike for abut 1½ miles before colliding with the vehicle driven by Sforza.

Independent witnesses testified that immediately before the accident, Ciserano was "hanging out" of the car window with a bottle of liquor in his hand. These witnesses estimated the speed of the Prudente vehicle to be between 60 and 80 miles per hour, and stated that the vehicle went through a red light and struck Sforza's vehicle as he was making a left turn with the green left turn arrow in his favor. After the impact, the witnesses assisted the occupants of the two cars. One of the witnesses testified that while he helped Prudente from his car he smelled a very heavy odor of alcohol on Prudente's breath. Another witness testified that he saw a "bottle of alcohol" on the floor in Prudente's car and that the interior of the car reeked of alcohol. This witness also smelled a very heavy odor of alcohol on Ciserano's breath.

Prudente and Ciserano gave testimony which contrasted sharply with that given by the independent witnesses as to the circumstances of the accident.

The court instructed the jury on the issue of comparative negligence of the parties. Specifically, the jury was charged that they should consider first the negligence of the defendants and then the contributory negligence of Ciserano and that the percentages of liability of the parties were to be based upon their total negligence. The court then charged the jurors with respect to Ciserano's "assumption of the risk" and stated that if they found that the plaintiff had assumed any risk, they could "then further find that the plaintiff is guilty of culpable conduct which would require [them] to diminish any award [they] might otherwise find he might be entitled to".

The verdict sheet submitted to the jury was consistent with the charge. The jury found that Sforza was not negligent, that Prudente was 75% responsible for the happening of the accident and that Ciserano was 25% responsible. The verdict sheet then indicated that the jury found that Ciserano had "assumed the risk" of riding in the Prudente car and that his recovery should be reduced by 100%. Judgment was subsequently entered in favor of the defendants.

We find that a new trial is warranted as between Ciserano

and the Prudentes with respect to the apportionment of fault because the court's charge on this issue was erroneous. Initially, we find that contrary to Ciserano's contention, there was evidence from which the jury could have concluded that he was contributorily negligent based upon his entrance into the Prudente vehicle with knowledge of Prudente's impaired condition, as well as his actions in the vehicle. However, in instructing the jury on the issue of Ciserano's contributory negligence, the court improperly divided his culpable conduct into two parts for separate consideration, excluding his "assumption of the risk" conduct from his remaining conduct. After the jury had determined that Prudente was 75% at fault and Ciserano was 25% at fault, they were improperly permitted to further reduce Ciserano's recovery to zero. The court should have instructed the jury that in determining the issue of Ciserano's contributory negligence, it should consider collectively his acts as a passenger and his entrance into the vehicle with knowledge of Paul Prudente's impaired condition so that it could compare all of Ciserano's conduct, with that of Prudente, "in order to fix the relationship of each party's conduct to the injury sustained" (see, Arbegast v Board of Educ., 65 NY2d 161, 167-168; PJI2d 2:87). Therefore, under a proper instruction, the percentage of fault would be based upon each party's total culpable conduct with respect to the happening of the accident. Accordingly, while the jury's findings that both Ciserano and Prudente were negligent and that their negligence proximately caused the accident are sustained, there must be a new trial with respect to the apportionment of each party's fault.

Inasmuch as the jury's determination that Sforza was not liable for the accident is unaffected by the erroneous charge, and is fully supported by the evidence, that determination need not be disturbed. Lawrence, J. P., Eiber, Sullivan and Harwood, JJ., concur. [See, 129 Misc 2d 1039.]