■ HENRY MODELL & COMPANY, INC., Appellant, v CITY OF NEW YORK, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered June 8, 1989, which granted defendant's motion to dismiss plaintiff's complaint, unanimously affirmed, without costs.

Many years ago, plaintiff entered into two leases with the city for premises located at 280 Broadway. One lease was for retail space, the other for office space. After the city abandoned a plan to condemn the building, plaintiff remained as a month-to-month tenant until June of 1982, when the city and plaintiff entered into a five-year lease for the retail space.

In 1986, the city and plaintiff discussed whether the 1982 lease would be renewed on a "sole source" basis or whether public bidding would be required. On February 25, 1987, the city advised plaintiff it would not renew the 1982 lease and would instead insist on public bidding. A notice terminating the lease as of October 31, 1988 was sent to plaintiff.

Plaintiff contends that it had engaged in discussions with officials at the Department of General Services (DGS) in 1986 concerning a renewal lease and that Frederic Pocci, an Assistant Commissioner of DGS, had sent plaintiff a letter stating that the city could offer plaintiff a five-year renewal lease. The letter provided for base annual rents and required certain building improvements.

Based on this letter, plaintiff asserted that it relied on the "reasonable belief that it had reached an agreement" for a new store lease. Plaintiff charges that the city refused to renew its lease on a "sole source" basis because one of plaintiff's affiliates had declined to renegotiate another lease in Queens County. Consequently, plaintiff claims denial of equal protection, denial of procedural and substantive due process, arbitrary and capricious administrative action, equitable and promissory estoppel and entitlement to specific performance. In addition, plaintiff seeks a judgment enjoining the city from terminating its tenancy at 280 Broadway, directing the city to

execute a new lease, enjoining the city from raising a defense that the agreement reached with DGS is ultra vires and declaring that the agreement as contained in the Pocci letter is a binding, enforceable agreement.

In granting the city's motion to dismiss plaintiff's complaint, the Supreme Court noted, *inter alia,* that pursuant to "City law", Pocci's actions were insufficient to bind the city to a lease. As for the equal protection claim, the trial court ruled that plaintiff failed to allege any facts demonstrating that the city violated any policy it had with regard to "sole source" leasing. As to the due process claim, plaintiff could not point to any property interest it had that was constitutionally protected.

In order to protect the public from corrupt or ill-considered actions of municipal officials, a municipality's power to contract is statutorily restricted *(Genesco Entertainment v Koch,* 593 F Supp 743, 747-748). "[W]here there is a lack of authority on the part of agents of a municipal corporation to create a liability, except by compliance with well-established regulations, no liability can result unless the prescribed procedure is complied with and followed" *(Lutzken v City of Rochester,* 7 AD2d 498, 501). Consequently, those dealing with municipal agents must ascertain the extent of the agents' authority, or else proceed at their own risk. *(See, Genesco Entertainment v Koch, supra.)*

New York City Charter § 384 (b) (1) states that "[e]xcept as otherwise specifically provided by law", the Board of Estimate may authorize a lease "only for the highest marketable * * * rental, at public auction or by sealed bids". Administrative Code of the City of New York § 4-203 (d) authorizes the Commissioner of DGS to lease property to a tenant in possession at the time the city acquires the property "upon such terms and conditions as the commissioner may determine, provided * * * there shall be filed in the department, with respect to such lease * * * a written certification, signed by two officers or employees of the department having the rank of senior real estate manager or an equivalent or higher rank, stating that the rental or other charge fixed therein is fair and reasonable."

Plaintiff's complaint never alleges that the requirements of Administrative Code § 4-203 (d) were satisfied nor does the record support such an assertion. Clearly, Frederic Pocci's letter did not constitute a renewal agreement. Accordingly, plaintiff's complaint fails to state a cause of action. Indeed, municipal contracts which violate express statutory provisions

are invalid in New York *(Granada Bldgs. v City of Kingston,* 58 NY2d 705, 708, *rearg denied* 58 NY2d 825). While appellant disagrees, the requirements of Administrative Code § 4-203 (d) are not mere formalities or technicalities *(see, Genesco Entertainment v Koch, supra,* at 749).

Plaintiff's denial of due process claim can be likened to that of a disappointed bidder. The claim is based on an expectation that the city would comply with its alleged criteria for "sole source" leasing. However, such expectation does not amount to a legitimate claim of entitlement to the lease *(see, Board of Regents v Roth,* 408 US 564, 577; *see also, Matter of Allen v Eberling,* 24 AD2d 594).

We have considered plaintiff's other claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Asch and Smith, JJ.