■ JAMES BITTING et al., Appellants, v DANIEL Y. LEE et al., Respondents.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Torraca, J.), entered July 26, 1989 in Ulster County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action against defendants challenging the constitutional and statutory legality and implementation of the attendance and "cut" policies of defendants. Plaintiffs sue for declaratory relief, injunctive relief, monetary relief in the sum of $1 and counsel fees under 42 USC § 1988.

The attendance policy under attack requires students to attend 90% of all classes in each of their assigned courses in order to receive credit therefor. It provides that students in each full-year course may be absent no more than 18 total classes, and in each half-year course they can be absent no more than nine total classes. Students are encouraged to attend make-up classes before the nine or 18-day limit is reached. Course credit is denied where the aggregate absences in the course exceed the nine or 18-day limit. If the limit is exceeded because of a suspension, the student may make up the classes missed due to the suspension. Students failing to attend 90% of their classes in a course are given a grade of incomplete for the course. Students failing to make up for the missed classes may continue to attend class but do not receive

a final exam grade, quarterly or final grades, or course credit. Students who are more than 21 minutes late for a class are deemed absent for the class. Under the attendance policy there are three ways offered to make up classes: (1) work with a teacher 40 minutes during an activity period, (2) do 40 minutes of prearranged subject work during detention, or (3) do prearranged subject work during a 120-minute period in alternate school.

The "cut" policy for 1987-1988 defines a "cut" as a "willful absence from a schedule[d] class meeting". Deliberate absenteeism is deemed a course drop, without credit. There is a multiple step procedure employed to deal with deliberate absenteeism, including warnings, probation, notification of students' parents and a Superintendent's hearing pursuant to Education Law § 3214. Willful cutting of four or more classes will result in denial of course credit.

Defendants served an answer to the complaint and asked for judgment dismissing the complaint. Defendants subsequently moved for summary judgment. Supreme Court granted defendants' motion and dismissed the complaint, concluding that defendants' policies were valid on their face, properly implemented and that there were no triable issues of material fact. Plaintiffs appeal, but, by their brief, limit the issues to: (1) whether Supreme Court properly found that the attendance and cut policies of defendants are valid under the Education Law and the decisions of the Commissioner of Education, and (2) whether there are material issues of fact concerning the implementation of the attendance policies requiring a trial. Therefore, we deem those claims asserted in their complaint but not addressed in their brief abandoned (see, Lamphear v State of New York, 91 AD2d 791).

Plaintiffs contend that defendants' attendance and cut policies are invalid on their face. They point out that the attendance policy denies a student credit because of absence from nine classes in a semester or 18 in a school year in a course while the cut policy provides that "[d]eliberate absenteeism from class shall be interpreted as a course drop [and that] [n]o credit is granted for a dropped course". Plaintiffs argue that the denial of credit is equal to dropping a student from enrollment contrary to the mandate of Education Law § 3202 (1-a). Plaintiffs' arguments are not persuasive.

A fair reading of the Commissioner's decisions leads to the conclusion that a denial of credit is not the equivalent of dropping a student from enrollment (see, Matter of Schmitz, 26 Ed Dept Rep 451, 453). The denial of course credit for

absences does not bar a student from attending class or deprive a student of the opportunity of attending available make-up classes. The attendance and cut policies, as interpreted by the Commissioner, are not in conflict with the relevant provisions of the Education Law (see, Education Law § 1709 [1], [3]; § 3202 [1], [1-a]; § 3210 [1], [2] [b]), are rational and deserve to be accorded great deference by the courts (see, *Donohue v Copiague Union Free School Dist.*, 47 NY2d 440, 444-445; *Matter of Board of Educ. v Ambach*, 90 AD2d 227, 231, *affd* 60 NY2d 758, *cert denied* 465 US 1101).

We also find no merit to plaintiffs' argument that their equal protection rights have been violated by virtue of the fact that students who have been suspended for disciplinary reasons are treated differently than those not suspended and that students who work are treated differently regarding make-up classes than those who do not work. As defendants' attendance and cut policies in the situation presented are rationally related to its goal and not unreasonable, there is no equal protection violation (see, *Guadalupe Org. v Tempe Elementary School Dist. No. 3*, 587 F2d 1022, 1026).

Turning to the issue of whether Supreme Court properly granted summary judgment in favor of defendants as to the individual claims of plaintiffs, we find that the court's ruling was correct. There is no merit to the individual causes of action alleged by plaintiffs. Specifically with regard to the claim of plaintiff Suzanne Thornton, the pleadings and supporting affidavits indicate that defendants made a prima facie showing of compliance with Education Law § 3202 (1-a). The affidavit of defendant Daniel Y. Lee states that formal written notices were mailed to the residence of Thornton's family regarding Suzanne's absenteeism, that defendants' attendance officer repeatedly telephoned the Thornton residence and that, on February 4, 1987, a conference was held with Thornton's mother to discuss Thornton's educational needs and to encourage her to make up classes. It is also alleged that notwithstanding those efforts, defendants were advised that Thornton no longer intended to attend school and subsequently dropped her from the attendance rolls as a result. In regard to the critical issue of notice, Thornton alleged in her affidavit that "[u]pon information and belief, no telephone call was made to my residence * * * and no conference was held with my mother to discuss make-up classes". This is not made on personal knowledge but is hearsay and as such is insufficient to raise an issue of fact (see, *Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338; *Rupert of N. Y. v Mallinckrodt*, 110

AD2d 548). Significantly, Thornton did not submit an affidavit by her mother, a person who had first-hand knowledge of the relevant facts. Absent competent evidence raising a material issue of fact, summary judgment was properly granted *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Order and judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.