■ CITY OF NEW YORK, Respondent, v THOMAS GESUALE, Appellant. [612 NYS2d 18] —Order (denominated judgment), Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about August 12, 1993, which granted plaintiff's motion for summary judgment, and judgment, same court and Justice, entered September 15, 1993 pursuant thereto award-

ing plaintiff damages in the amount of $354,926.63, inclusive of interest, unanimously affirmed, without costs.

In this action by plaintiff City of New York to collect the increase in its landfill dumping fee for the period of time that it was stayed from doing so by court order, the IAS Court properly rejected defendant Carter's various arguments in opposition to the City's motion for summary judgment. The City's right to collect the rate increase retroactively for the period that the stays were in force was determined in *Litod Paper Stock Corp. v City of New York* (154 AD2d 280, *lv denied* 75 NY2d 709). No private understanding defendant may have had with Department of Sanitation personnel *(see,* Administrative Code of City of NY § 16-129; *Modell & Co. v City of New York,* 159 AD2d 354, *appeal dismissed* 76 NY2d 845), nor any right which defendant may have to back charge his customers for his increased costs, would impact on that right. Nor can it avail defendant that his wholly owned company may have done the actual dumping. Defendant admitted that the necessary licenses and permits were granted in his name, indicating that it was only he, not his company, who had the authorization to engage in the waste disposal business, and that he, not his company, is the liable party. Incontestable documentary evidence shows that defendant was notified that the increased rate would take effect on October 14, 1988. The subsequent notice which he relies upon as creating an estoppel merely advised that the Department of Sanitation was "temporarily stay[ed] * * * from collecting the rate increase" by judicial stay, and that all subsequent notices unequivocally stated the City's intention to collect such increases retroactively.

In view of the foregoing, the facts defendant wants to explore in disclosure would not "justify opposition" to the motion, and there was no need to deny the motion to obtain disclosure (CPLR 3212 [f]; *see,* Administrative Code of City of NY § 16-129; *Modell & Co. v City of New York,* 159 AD2d 354, *appeal dismissed* 76 NY2d 845, *supra).* Concur—Ellerin, J. P., Ross, Nardelli and Williams, JJ.