(June 6, 1996)

■ VALLEYLAB, INC., a Division of PFIZER HOSPITAL PRODUCTS GROUP, INC., Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant, et al., Defendants. [643 NYS2d 547]

The issue on these cross-motions for summary judgment in a breach of contract action involves the liability of defendant-appellant New York City Health and Hospitals Corporation ("HHC") on a contract which was entered into by an employee in an amount well in excess of her authority pursuant to HHC's rules.

There is no dispute that defendant's own rules limited the authority of its employee to enter into the subject contract or that, if those rules were properly promulgated and therefore in effect, the resulting lack of authority in the employee with whom plaintiff contracted would render the contract void (*see*, *Modell & Co. v City of New York*, 159 AD2d 354, 355, *appeal dismissed* 76 NY2d 845). Thus, the issue of whether defendant-appellant is liable depends on whether HHC's rules were, in fact, properly promulgated.

Plaintiff's argument that the subject rules were invalid is based on provisions of the State Administrative Procedure Act, which requires that State agencies, in order to promulgate rules, must file a notice of proposed rule making with the Secretary of State for publication in the State Register (§ 202 [1] [a]). Defendant concedes that such procedure was not followed here but argues that these provisions are inapplicable since it is not a State agency.

A State agency for the purposes of section 202 (1) (a) is defined in section 102 (1) as: "any department, board, bureau, commission, division, office, council, committee or officer of the state, *or a public benefit corporation or public authority at least one of whose members is appointed by the governor*, authorized by law to make rules" (emphasis supplied).

Contrary to the IAS Court, we find that HHC does not come within this definition of an "agency". There is no dispute that HHC is a public benefit corporation which does not have any members appointed by the Governor. Thus, the only statutory interpretation which would result in HHC fitting within this definition would be one in which the language within the statute which reads, "at least one of whose members is appointed by the governor," is meant to apply solely to public authorities rather than also applying to public benefit corporations. However, the fact that both terms, i.e., "public benefit corporation" and "public authority", are contained in a final clause introduced by the word "or" and are not separated from each other by a comma is strong support for the construction that the limiting language found within the same clause was meant by the Legislature to apply to both entities (*see, Temple Marble & Tile v Union Carbide Marble Care*, 87 NY2d 574).

Contrary to plaintiff's argument, we do not find that a different result is mandated by the rationale which underlies this Court's decision in *Harlem Hosp. Ctr. Med. Bd. v Hoffman* (84 AD2d 272). The fact that the State is entitled to impose rules and regulations on an independent public benefit corporation such as HHC does not imply that the corporation is to be considered a State "agency" within the meaning of State Administrative Procedure Act § 102.

Finally, we reject plaintiff's additional argument that the subject rules were not properly promulgated because they were not in compliance with New York Constitution, article IV, § 8, which provides: "No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or com-

mission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations by appropriate laws." Again, plaintiff has failed to establish any authority for the threshold requirement that defendant is an entity to which this provision applies, i.e., a "state department, board, bureau, officer, authority or commission". Concur—Murphy, P. J., Milonas, Ellerin, Ross and Mazzarelli, JJ.