■ NEW STREET ICE COMPANY, INC., Appellant, v NEW YORK CITY DEPARTMENT OF BUSINESS SERVICES et al., Respondents. [772 NYS2d 272]—

Order and judgment (one paper), Supreme Court, New York County (Joan Madden, J.), entered November 13, 2002, which denied plaintiff's motion to amend the complaint, granted defendants' cross motion for summary judgment declaring that plaintiff does not hold an enforceable leasehold in the premises at issue and otherwise dismissed the complaint, unanimously affirmed, without costs.

Contrary to plaintiff's assertions, the New York City Public Development Corporation (PDC) did not have actual authority to bind the City to the terms outlined in the May 1982 memorandum upon which plaintiff relies or the authority to provide prior written consent to the 1984 sublease in accordance with the requirements of the underlying restated lease (*see Henry Modell & Co. v City of New York*, 159 AD2d 354 [1990], *appeal dismissed* 76 NY2d 845 [1990]; *see also* New York City Charter § 384). Nor does it avail plaintiff to argue that PDC had apparent authority to act in these matters on the City's behalf, since plaintiff had the burden of determining the scope of PDC's authority (*see Genesco Entertainment v Koch*, 593 F Supp 743, 749 [1984]). Similarly unavailing are plaintiff's arguments that the City should be estopped from denying the enforceability of the sublease, which was expressly contingent upon compliance with the requirements of the underlying restated lease (*see id.* at 753-754; *and see Mann Theatres Corp. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466 [1983], *affd* 62 NY2d 930 [1984]).

The motion to amend was properly denied. The cause of action for tortious interference with business advantage is plainly without merit since, in light of plaintiff's admission that defendants sought to evict it in furtherance of their redevelopment plan for the South Street Seaport area, plaintiff has no sustainable claim that the complained-of interference was maliciously motivated (*see John R. Loftus, Inc. v White*, 150 AD2d 857, 860 [1989]). Concur—Tom, J.P., Mazzarelli, Saxe and Marlow, JJ.