McCarthy, J.
In 1921, defendant State of New York* entered into a settlement agreement with claimant’s predecessor in interest to resolve an eminent domain dispute over a tract of land that encompasses what is now the Hinckley Reservoir in Oneida County. Claimant is a power company that owns two hydroelectric generation facilities downstream from the reservoir. In the agreement, defendants agreed to pay claimant’s predecessor $100,000 and to release water over the dam from Hinckley Reservoir at rates based on an operating diagram created in 1920, so that the predecessor could harvest the hydroelectric power downstream. In the autumn of 2007, water levels in the reservoir dropped as the result of the particularly dry season. Due to public concerns about the drinking water supply, defendants released less water downstream than was provided for in the operating diagram.
*907 As a result, claimant allegedly had to reduce its operations and suffered injuries, leading it to commence this breach of contract action. Claimant moved for partial summary judgment on the issue of liability. Defendants cross-moved for summary judgment dismissing the claim. The Court of Claims granted defendants’ cross motion and denied claimant’s motion. Claimant appeals.
The Court of Claims erred in granting defendants’ cross motion for summary judgment dismissing the claim. The settlement agreement is a contract that, if unambiguous, “must be enforced according to the plain meaning of its terms” (Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist., 108 AD3d 835, 836 [2013]). Whether a contract is ambiguous is a question of law for the court to determine (see Wiggins v Kopko, 94 AD3d 1268, 1269 [2012]; Currier, McCabe & Assoc., Inc. v Maher, 75 AD3d 889, 890 [2010]). As relevant here, the settlement agreement provides: “The intent and purpose of the agreement being so to operate the Hinckley State Reservior [sic] that, after serving the canal uses and purposes, of the State, it may so far as practicable, be fully used for the storage of water and the regulations of the flow of West Canada Creek below the same for the benefit of the power property and riparian lands of [claimant] on West Canada Creek below the Hinckley State Reservior [sic]. Provided, [hjowever, that during periods of extradordinary [sic] or unusual drought, flood or emergency caused by the temporary failure of other sources of water supply for the canal use, . . . the Superintendent of Public Works or other officer . . . , without the payment of any damages to [claimant], . . . may temporarily vary or entirely suspend the operation of th[e] said dam and reservior [sic] as described and laid down in the operating diagram aforesaid during the periods of such extraordinary or unusual drought, flood or emergency caused by the temporary failure of other sources of [water] supply for the canal use . ...” In determining whether defendants breached the agreement, two phrases are at issue. We need only address one, as it is dispositive.
The key phrase at issue here addresses the parties’ intent that defendants operate the reservoir such that, “after serving the canal uses and purposes, of the State,” the reservoir may be fully used to store water and regulate its flow for the benefit of claimant’s power facility and riparian rights. Defendants contend that they may operate the reservoir for any State purpose — including protection of a local supply of drinking water — in the first instance. On the other hand, claimant contends that defendants, may only consider the State’s canal uses and *908 canal purposes before fully using the reservoir for claimant’s needs, after which defendants may consider other uses or purposes. Defendants’ interpretation would be accurate if the comma was placed after the word “uses” rather than after “purposes” (see A.J. Temple Marble & Tile v Union Carbide Marble Care, 87 NY2d 574, 581 [1996]; cf. Valleylab, Inc. v New York City Health & Hosps. Corp., 228 AD2d 180, 181 [1996]). As written, “canal” modifies the entire phrase “uses and purposes,” and the phrase “canal uses and purposes” is modified by the ensuing phrase “of the State” (see People v Case, 42 NY2d 98, 101 [1977]).
Even if we were to find the provision ambiguous, we would interpret it the same way after considering the overall purpose of the agreement (see Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]). The parties to the agreement intended to resolve a dispute after defendants took claimant’s predecessor’s land in eminent domain. Claimant’s predecessor wanted to ensure that sufficient water would reach its hydroelectric generation facility and accepted a considerably smaller amount of money than it sought, in exchange for the rights associated with the water release rates from the reservoir. These rights would be far less valuable if defendants could deviate from the operating diagram’s release rates, and avoid liability in doing so, as long as defendants supported their actions with any State purpose. Pursuant to the agreement, defendants could only avoid liability if they deviated from the operating diagram’s release rates for a State canal use or purpose. Because defendants altered the release rate for the purpose of preserving safe drinking water during a drought — a legitimate public and State purpose (see ECL 15-0105 [5]) — and not for a canal-related purpose, defendants are liable for breaching the contract. Thus, the Court of Claims should have denied defendants’ cross motion for summary judgment and granted claimant’s motion for partial summary judgment on the issue of liability.
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, defendants’ cross motion denied, claimant’s motion granted and partial summary judgment awarded to claimant.

 Defendant Canal Corporation falls under the auspices of defendant Thruway Authority, and both are agencies of the State. As defendants’ counsel has acknowledged that defendants are unified in interest for purposes of this claim, we will refer to defendants collectively.