■ CASA WALES HOUSING DEVELOPMENT FUND CORP. et al., Appellants, v CITY OF NEW YORK, Respondent. [11 NYS3d 31]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered February 19, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Supreme Court properly found that because the contract at issue never met the requirements of the Procurement Policy Board and chapter 13 of the New York City Charter, it was not a final and legally binding contract, and thus both plaintiffs' contractual, and noncontractual-based causes of actions, including the claim of promissory estoppel, should be dismissed.

It is well settled that "where there is a lack of authority on the part of agents of a municipal corporation to create a liability, except by compliance with well-established regulations, no liability can result unless the prescribed procedure is complied with and followed" (*Lutzken v City of Rochester*, 7 AD2d 498, 501 [4th Dept 1959]). Consequently, those dealing with municipal agents must ascertain the extent of the agents' authority, or else proceed at their own risk (see *Emerman v City of New York*, 34 AD2d 901 [1st Dept 1970]).

The courts of this state have long held that "no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city" (*Seif v City of Long Beach*, 286 NY 382, 387 [1941]; see also *Henry Modell & Co. v City of New York*, 159 AD2d 354 [1st Dept 1990], *appeal dismissed* 76 NY2d 845 [1990]).

Estoppel can be invoked against a municipality or municipal agency only in "the rarest cases" (see *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *cert denied* 488

US 801 [1988]) and this is not one of those cases. Plaintiffs were well aware of the requirements for a binding contract with the City, and these statutory requirements was expressly set forth in the proposed contract. Accordingly, they proceeded with certain expenditures at their own risk.

We have considered plaintiff's remaining claims and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.