■ Sherie Goslin, Formerly Known as Sherie Gates, as Administratrix of the Estate of Bruce E. Gates, Deceased, Appellant, v Nancy L. La Mora et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Shea, J.), in favor of defendants, entered November 6, 1986 in Clinton County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff's decedent was fatally injured while "setting up" defendant Nancy L. La Mora's mobile home. The accident occurred when the mobile home that decedent was leveling

with the assistance of defendants Kenneth Archambault, Randy L. La Mora and Ricky La Mora, slipped from one of the jacks it was resting on, crushing him. The site of the mishap was a lot owned by Nancy La Mora. This wrongful death action followed.

Plaintiff's cause of action is based on: (1) the theory that, by locating the mobile home on a site that sloped four feet down from the rear to the front and two feet down from the right to the left, the landowner rendered the mobile home a dangerous instrumentality, (2) the premise that the mobile home's location constituted a dangerous condition and in turn the leveling was a hazardous activity, resulting in a foreseeable accident, and this circumstance imposed a higher duty of care on the landowner *(see, Scurti v City of New York,* 40 NY2d 433), and (3) the landowner's failure to fulfill her common-law duty to provide a safe workplace.

A dangerous instrumentality is something which in its normal operation is an implement of destruction, or an agency, such as electricity, gas or explosives, the use of which involves grave danger *(see,* 41 NY Jur, Negligence, §§ 47, 48, at 62, 63 [1965]). An unelevated mobile home is not normally such an implement of destruction or an ultrahazardous agency; hence, liability on this theory does not lie. And while a mobile home on jacks may well be a dangerous instrumentality, it was decedent's voluntary work and supervision which placed the mobile home in that position.

To be liable for a dangerous condition, the landowner must have been shown to have known about an unreasonable risk to decedent, expect that he would not discover or realize the peril and guard against it, and would fail to exercise reasonable care to protect himself *(see,* Restatement [Second] of Torts § 343 [1965]). That this theory lacks viability in the context of this case is apparent from the fact that a reasonable landowner would not be expected to recognize a house trailer falling on a worker to be hidden danger about which she was obliged to warn him. Similarly, the difficulties attendant upon balancing the trailer were so obvious to any person exercising ordinary attention and perception that they cannot be considered a hidden danger *(see,* Restatement [Second] of Torts § 341 A [1965]). Furthermore, since decedent lived in a house trailer and had "set up" and leveled trailers before, the landowner can hardly be faulted for not anticipating that decedent would fail to protect himself against the possibility of harm.

Also untenable is the contention that the landowner failed

in her common-law duty to provide a safe workplace. The undisputed record evidence is that decedent was a volunteer working without the expectation of pay and thus not an employee protected by the Labor Law *(see, Alver v Duarte,* 80 AD2d 182).

Judgment affirmed, without costs. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.