■ BILLIE M. SANTO, as Administratrix of the Estate of ANTHONY E. SANTO, Deceased, Appellant, v DANIEL J. O'KANE et al., Respondents. [603 NYS2d 242] —Mercure, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered November 23, 1992 in Essex County, which granted defendants' motion for summary judgment dismissing the complaint.

Anthony E. Santo (hereinafter decedent) died as a result of injuries he sustained in an August 6, 1988 accident. Defendants had engaged decedent to remove a tree on their property. It is alleged that when decedent started to make a cut in a limb, the limb suddenly broke and fell, striking decedent and knocking him to the ground, approximately 40 feet below. Plaintiff commenced this action for wrongful death and conscious pain and suffering, alleging defendants' negligence in failing to warn decedent of the advanced state of decay of the tree and of its dangerous, unsafe and hazardous condition, in failing to provide decedent with a proper place to work, in failing to take any precautions to prevent injury to decedent and in permitting decedent to undertake a hazardous task without adequate safeguards or warnings. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff appeals.

We affirm. Turning first to the claim that defendants were aware of and failed to advise decedent of the tree's advanced state of decay, the uncontroverted evidence presented on the motion established that defendants knew only that the top of the tree had fallen off before they purchased the property in 1973 and that some "sawdust-like material" had been falling from the tree within the few months prior to the accident. The absence of the tree top was no less apparent to decedent than it had been to defendants, and before the work began defendants advised decedent of the fact that the tree had been "shedding sawdust". Obviously, it was defendants' concern with the tree's structural integrity that motivated them to

have it removed in the first place. Under the circumstances, we see no factual basis for a finding that defendants knew "about an unreasonable risk to decedent, expect[ed] that he would not discover or realize the peril and guard against it, and would fail to exercise reasonable care to protect himself" *(Goslin v La Mora,* 137 AD2d 941, 942). As for plaintiff's remaining contentions, "[i]t is settled law that where [as here] the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" *(Lombardi v Stout,* 80 NY2d 290, 295).

Mikoll, J. P., Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.