■ JAMES POGGIALI, Respondent, v TOWN OF BABYLON, Appellant. (And a Third-Party Action.) [631 NYS2d 415] —In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County (Floyd, J.), entered March 24, 1994, which, upon a jury verdict finding the defendant 90% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

In the early evening of March 20, 1988, the plaintiff was operating his motor scooter in the eastbound lane of Long Island Avenue in Babylon when his motor scooter collided with another eastbound vehicle operated by the third-party defendant Elestine M. Brown. The impact caused the plaintiff to be thrown from the motor scooter. Before landing, the plaintiff struck the metal post of a school crosswalk sign. The impact severed his leg above the knee. The plaintiff commenced suit against the Town of Babylon (hereinafter the Town), alleging that it was negligent in its placement of the sign. The jury found the Town was negligent and that the negligence was a proximate cause of the accident.

We find that the evidence presented is insufficient to establish that the Town was negligent in its placement of the school

crossing sign. The plaintiff's expert testified that placement of the crosswalk sign 123 feet from the crosswalk violated the standards set forth in the New York State Uniform Traffic Control Devices Manual (hereinafter the Manual) and constituted a "deviat[ion] from accepted practices". There was no testimony that the placement created a hazard. In this case, although a deviation from the standards set forth in the Manual might be a factor in determining negligence, the deviation alone is insufficient to establish negligence *(see, Price v Hampson,* 142 AD2d 974). In any event, even if the placement of the sign was negligent, the Town cannot, as a matter of law, be found liable, unless the alleged negligence was a proximate cause of the accident *(see, Applebee v State of New York,* 308 NY 502; *see also, Levitt v County of Suffolk,* 145 AD2d 414). Under the facts of this case, we find, as a matter of law, that the placement of the sign was not a proximate cause of the accident *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314).

The plaintiff also alleges that the Town is liable because the plaintiff's "second collision", with the crosswalk sign, was a "substantial factor in the aggravation of the plaintiff's injuries". We reject this argument. The negligence of the plaintiff and the third-party defendant merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated *(see, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950; *cf., Lacey v Horan,* 119 AD2d 806). Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.