■ THEODORE L. RICCI et al., Appellants, v ANN DOHERTY, Respondent, et al., Defendant. [635 NYS2d 102] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 1, 1994 in Ulster County, which, *inter alia*, granted defendant Ann Doherty's motion for summary judgment dismissing the complaint against her.

Defendant Ann Doherty (hereinafter defendant) owned property located in the Town of Fishkill, Dutchess County. On May 18, 1991, defendant's son, defendant Kevin Doherty (hereinafter Doherty), removed an existing carport from defendant's home. In so doing, Doherty had to remove the 4-inch by 4-inch posts that supported the patio roof. Defendant observed Doherty remove the outer posts by twisting them out of the ground in one piece. Defendant did not observe Doherty remove the inner posts, but the record reveals that they were more deteriorated than the outer ones and could not be removed in one piece. Consequently, these posts were broken off at their base. The floor of the carport was covered by indoor-outdoor

carpet, which had been slit open to accommodate the aforesaid posts, and upon removal of the posts, the carpet lay flat over the rotted post stumps making them invisible.

On May 25, 1991, defendant's son-in-law, plaintiff Theodore L. Ricci (hereinafter plaintiff), and Doherty began constructing a new carport to replace the one removed by Doherty. While they were working, plaintiff was injured when the ladder that he was using fell over. As a result, plaintiff and his wife, derivatively, commenced this negligence action against defendant and Doherty. Following discovery, defendant moved for summary judgment dismissing the complaint against her. Supreme Court, *inter alia*, granted defendant's motion and this appeal by plaintiffs followed.

We affirm. We have previously held that in order for a homeowner to be held liable for an allegedly dangerous condition, the plaintiff must demonstrate that the homeowner knew about the condition that would pose an unreasonable risk to the plaintiff and appreciate that the plaintiff would not discover or realize the peril and guard against it (*see, Goslin v La Mora*, 137 AD2d 941, 942). Inasmuch as plaintiffs have failed to prove by competent admissible evidence that defendant knew that the carport carpet concealed rotten post stumps, Supreme Court properly granted defendant's motion for summary judgment. Moreover, even assuming defendant's knowledge of the concealed post stumps, a review of the record reveals that plaintiffs' cause of action is based upon nothing more than the possibility that plaintiff's fall was caused by those stumps, which clearly is insufficient to support plaintiffs' cause of action (*see, Beavers v Hanafin*, 88 AD2d 683, 684).*

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Neither plaintiff nor Doherty knew what caused the accident, but after discussing the matter several times they concluded that the only possible explanation was that one of the legs of the ladder must have been resting on a rotten post stump.