■ FRANCISCO TORRES, Respondent, v HALLEN CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent.

ANDREW CAPATANO ENTERPRISES, INC., Third-Party Defendant-Appellant. [640 NYS2d 244] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated January 9, 1995, as denied its motion for summary judgment dismissing the complaint and third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the third-party defendant's motion for summary judgment dismissing the complaint and the third-party complaint is granted.

We agree with the appellant that the allegedly negligent conduct of the defendant was not the proximate cause of the plaintiff's injuries. Any purported negligence on the part of the defendant in leaving two steel plates at a construction site merely furnished the occasion for the subsequent, superseding acts that resulted in the plaintiff's injuries. The plaintiff's co-workers moved the plates and later drove a payloader over them, causing one of the plates to move and strike the plaintiff's foot (*see, e.g., Poggiali v Town of Babylon,* 219 AD2d 626; *Gaston v Viclo Realty Co.,* 215 AD2d 174; *Lam v Neptune Assocs.,* 203 AD2d 334; *Moss v New York Tel. Co.,* 196 AD2d 492, 493; *Alamo v U.S. Energy Sys. Co.,* 193 AD2d 708; *cf., Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Under these circumstances, the appellant's motion for summary judgment dismissing the complaint and the third-party complaint should have been granted. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.