■ PAUL PENOVICH, JR., Appellant, v KARL SCHOECK, Respondent. [676 NYS2d 253] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 8, 1997 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained the injuries forming the basis for this action when he fell while climbing down from the roof of the house that he rented from defendant. Plaintiff's theory of liability against defendant is that defendant's failure to remove an accumulation of ice from the roof of the house caused plaintiff to undertake the job himself, thereby exposing him to a dangerous condition which was a proximate cause of his injuries. Supreme Court granted defendant's motion for summary judgment dismissing the complaint and plaintiff now appeals.

We affirm. Even accepting the premise that defendant was contractually obligated to remove accumulations of ice from the roof so as to prevent water from leaking into the house and that he unreasonably failed to satisfy that obligation, the fact remains that defendant did not cause or create any dangerous condition that was a proximate cause of plaintiff's injuries. At most, defendant's dereliction created an opportunity for plaintiff's injuries. Fundamentally, a defendant is not responsible for the harm inflicted "merely because the situation which his negligence has created has afforded an opportunity or temptation for its infliction" (Restatement [Second] of Torts § 448, comment a; see, Prosser and Keeton, Torts § 44, at 313 [5th ed]). It is true that, but for defendant's failure to promptly remove the ice from the roof, plaintiff would have had no reason to do the job himself and, at least on this occasion, would not have sustained the fall that caused his grievous injuries. Nonetheless, as we stated in Benaquista v Municipal Hous. Auth. (212 AD2d 860, 861): "Such a 'but for' rule is, however, inconsistent with accepted substantive rules of tort law because 'it would permit a finding of causation when defendant's act merely furnished the condition or occasion upon which plaintiff's injuries were received but did not put in motion the agency by which the injuries were inflicted' (1 NY PJI 2:70, at 166 [2d ed] [1995 Supp]). The law is clear that, in such a case, and we view this as one, there is no liability (see, Rivera v City

*of New York*, 11 NY2d 856; *see also, Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950; *Sheehan v City of New York*, 40 NY2d 496; 1 NY PJI 2:70, at 166 [2d ed] [1995 Supp])." (*See also*, Restatement [Second] of Torts § 435 [2].)

No less fatal to plaintiff's cause of action is the fact that he has come forward with no competent evidence as to the actual cause of his injuries. At an examination before trial, plaintiff testified that at the time of his fall, he had already removed the ice and was in the process of climbing down from the roof. His candid testimony was that, in an area that was free of snow or ice, he fell when his left foot "got stuck somehow", but he had no idea what his foot caught on. Fundamentally, a finding of proximate causation must be based on logical inferences from the record (*see, Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744; *Ellis v County of Albany*, 205 AD2d 1005, 1007) and, in the absence of any evidence as to the actual cause of plaintiff's fall, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (*see, Dapp v Larson*, 240 AD2d 918, 919; *Ricci v Doherty*, 222 AD2d 824, 825).

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.