■ GILBERTO L. ORTIZ et al., Respondents, v JIMTION FOOD CORP., Doing Business as C-TOWN, et al., Appellants. [712 NYS2d 122] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated September 21, 1999, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Gilberto Lugo Ortiz (hereinafter Ortiz) slipped and fell on accumulated snow and ice in the back lot of the defendant C-Town's supermarket. That store was leased from the defendant Hartford Leasing Corp. To get up, Ortiz reached out and grabbed a branch. When he let go, the branch struck him in the eye, causing injury.

Liability may not be imposed upon a party who " 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes" (*Shatz v Kutshers Country Club,* 247 AD2d 375; *Poggiali v Town of Babylon,* 219 AD2d 626; *Williams v Envelope Tr. Corp.,* 186 AD2d 797). Here, the snow and ice furnished the occasion for the plaintiff Gilberto Ortiz's fall, but was not the proximate cause of his injury.

Moreover, the action of the plaintiff Gilberto Ortiz in grabbing the branch to pull himself back up and upon releasing the branch, being struck in the eye, was not a normal or foreseeable consequence of any situation created by the defendants (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.