■ Olivia P. Johnsen et al., Respondents, v Carmel Central School District, Appellant, and Kamal Hot et al., Respondents. [716 NYS2d 403] —In an action to recover damages for personal injuries, etc., the defendant Carmel Central School District appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated January 7, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The infant plaintiff was allegedly injured in a school hallway during an altercation with fellow students after a lunch period. Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, they are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities (*see, Mirand v City of New York,* 84 NY2d 44). Moreover, constant supervision of high school students is not required. To find that a school has breached its duty to provide adequate supervision as a result of injuries caused by the acts of fellow students, a plaintiff must show that the school "had sufficiently specific knowledge or notice of the dangerous conduct which caused [the] injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra,* at 49). Actual or constructive notice to the school of prior similar conduct is generally required because school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students on a daily basis. An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act (*see, Mirand v City of New York, supra,* at 49; *Convey v City of Rye School Dist.,* 271 AD2d 154; *Danna v Sewanhaka Cent. High School Dist.,* 242 AD2d 361; *Barretto v City of New York,* 229 AD2d 214, 219; *Garcia v City of New York,* 222 AD2d 192, 196).

Here, the actions of the codefendant students in assaulting the infant plaintiff could not reasonably have been anticipated by the appellant (*see, Danna v Sewanhaka Cent. High School Dist., supra*). Accordingly, the appellant is entitled to summary

judgment dismissing the complaint and all cross claims insofar as asserted against it. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.