■ DAVID TRALA, Respondent, v LOUIS EGLOFF et al., Appellants. (Appeal No. 1.) [747 NYS2d 625] —Appeal from parts

of an order of Supreme Court, Erie County (Glownia, J.), entered April 24, 2001, which, inter alia, granted plaintiff's motion and set aside the verdict for past and future pain and suffering.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict for past and future pain and suffering is reinstated.

Memorandum: We agree with defendants that Supreme Court erred in granting plaintiff's motion and setting aside the verdict for past and future pain and suffering and granting a new trial on those damages unless defendants stipulated to increase those awards to $100,000 and $200,000, respectively. The central issue to be determined at trial was whether the lumbar and cervical problems suffered by plaintiff were related to his fall through the roof of defendants' building in 1995, were caused by an unrelated accident in 1997, or were merely the result of a degenerative process. Given the conflicting proof on that issue, we conclude that it was reasonable for the jury to find that plaintiff's lumbar and cervical problems were unrelated to the 1995 fall and that the only injury sustained by plaintiff in the fall was a mild compression fracture of the L1 disk. Thus, the jury's awards of $30,000 for past pain and suffering and $50,000 for future pain and suffering does not deviate materially from what would be reasonable compensation (*cf. Armbruster v Buffalo China*, 247 AD2d 880, 881-882).

We reject the contention of defendants, however, that the court erred in denying their motion for permission to enter a partial judgment in the amount of the jury verdict plus interest in order to prevent prejudgment interest from accruing during the pendency of their appeal from the order setting aside the jury verdict. CPLR 5002 provides that a plaintiff is entitled to interest "from the date the verdict was rendered * * * to the date of entry of final judgment." Here, final judgment could not be entered because the court granted the motion to set aside the verdict and defendants refused to stipulate to the additur. Defendants have cited no authority that would allow for the entry of a partial judgment under these circumstances. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.