■ DONALD BEADLESTON, Respondent-Appellant, v AMERICAN TISSUE CORPORATION et al., Appellants-Respondents. [839 NYS2d 283]—

Rose, J. Cross appeals from a judgment of the Supreme Court (Krogmann, J.), entered August 22, 2006 in Washington County, upon a verdict rendered in favor of plaintiff.

Plaintiff, a tractor-trailer driver, was struck by a waterlogged bale of wastepaper weighing more than 1,000 pounds which fell from a stack of bales on the loading dock of defendant American Tissue Corporation. At the time, plaintiff had been waiting for his trailer to be unloaded and was walking across the dock to get a broom to sweep the trailer out. As a result of the accident, plaintiff sustained four thoracic compression fractures and upper dorsal and lumbar strains. To recover damages for these and related conditions, plaintiff commenced this action alleging negligence and violations of Labor Law § 200. Following a trial, at which Supreme Court instructed the jury regarding res ipsa loquitur and assumption of the risk, but not comparative negligence, the jury found defendants to be negligent, apportioned 75% of the fault to them and awarded plaintiff damages in the amounts of $5,582 for past medical expenses, $200,000 for future medical expenses, $1,000 for past lost wages, $320,000 for future lost wages, and $600,000 for future pain and suffering. No award was made for past pain and suffering. The parties now cross-appeal.

Defendants first argue that Supreme Court erred in charging the jury regarding res ipsa loquitur because plaintiff had contributed to the happening of the accident by walking in a dangerous area. We cannot agree. While one of the conditions for giving the charge is that the event in question "must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209

[2006]; *Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1069 [2006]), and there is evidence that plaintiff voluntarily walked in an area he knew or should have known to be dangerous, there is no evidence that he moved, touched or otherwise caused the bale to fall (*see Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]; *Harmon v United States Shoe Corp.*, 262 AD2d 1010, 1010 [1999]; *Pavon v Rudin*, 254 AD2d 143, 145 [1998]). Rather, plaintiff's presence on the loading dock was merely the occasion for the accident and not one of its causes (*see Ortiz v Jimtion Food Corp.*, 274 AD2d 508, 508 [2000]; *Penovich v Schoeck*, 252 AD2d 799, 799-800 [1998]; *Hersman v Hadley*, 235 AD2d 714, 718 [1997], *lv denied* 90 NY2d 802 [1997]).

Defendants also contend that Supreme Court erred by not instructing the jury regarding comparative negligence in addition to assumption of risk. On his cross appeal, plaintiff argues that neither assumption of risk nor comparative negligence should have been charged and, thus, no fault should have been apportioned to him. Supreme Court correctly recognized, however, that implied assumption of risk and comparative negligence are two different types of culpable conduct (*see* CPLR 1411; *Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 165-166 [1985]), and that the evidence must establish both types before both charges will be given (*see Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 949 [1993]; *McCabe v Easter*, 128 AD2d 257, 258-259 [1987]). They are distinguishable because the first involves a voluntary encounter with a known risk of harm (*see* PJI3d 2:55 [2007]), and the focus is upon what was known. The second involves negligence, that is, the failure to use reasonable care under the circumstances (*see* PJI3d 2:10, 2:36 [2007]), and the focus is upon conduct. While a person could disregard a known risk by voluntarily being in a dangerous area and then also act unreasonably while there (*see Ciserano v Sforza*, 130 AD2d 618, 620 [1987]), the person's presence, by itself, would not be negligence. Here, other than disregarding a known risk, there is no evidence that plaintiff acted in an unreasonable manner in walking on the loading dock. Thus, we agree with Supreme Court that the assumption of risk charge was proper and adequately covered the culpable conduct of plaintiff proven at trial.

Defendants' contention that Supreme Court should have dismissed plaintiff's Labor Law § 200 claim because he was not engaged in construction work or injured at a construction site is also without merit. "Under common-law negligence principles, and pursuant to Labor Law § 200, a landowner has a duty 'to provide workers with a reasonably safe place to work' " (*Soskin*

*v Scharff*, 309 AD2d 1102, 1105 [2003], quoting *Lombardi v Stout*, 80 NY2d 290, 294 [1992]), and the statute's coverage is not limited to construction work or construction workers (*see Jock v Fien*, 80 NY2d 965, 967 [1992]; *see also Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006]). Also, contrary to defendants' contention, plaintiff was not required to show that they had controlled his work. Inasmuch as defendants owned the premises, plaintiff needed to establish only that they had actual or constructive notice of the dangerous condition (*see Wolfe v KLR Mech., Inc., supra* at 919).

Next, defendants challenge the apportionment of only 25% liability to plaintiff as against the weight of the evidence. "A jury's verdict is considered to be against the weight of the evidence only where it could not have been reached on any fair interpretation of the evidence" (*Lockhart v Adirondack Tr. Lines*, 305 AD2d 766, 767 [2003] [citation omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Mannello v Town of Ulster, Post 1748, Am. Legion*, 272 AD2d 804, 804-805 [2000]). Here, the evidence readily supports the jury's conclusion that although plaintiff's culpable conduct warranted some reduction in defendants' liability, they were primarily responsible because they could have minimized the risk of injury by controlling the various factors that caused the bale to fall.

Defendants also challenge all of the jury's awards for future damages, while plaintiff challenges the jury's failure to make any award for past pain and suffering. Upon our review, we agree that each of the challenged awards is problematic. Turning first to future medical expenses, Abraham Rivera, a pain management specialist, testified that plaintiff had recently decided on a treatment plan for the next year and estimated the physician costs of three different types of treatment. Also, while Rivera stated that these treatments would incur outpatient hospital fees "in the thousands," he declined to comment further. Thus, while this testimony could be viewed to support an award of $2,900 for the treatments and as much as $6,000 for the hospital fees ($2,000 for each of three types of treatment) for the first year following trial, the evidence does not support the conclusion that all three types of treatment and corresponding hospital fees would be required every year of the 19-year period found by the jury. Given Rivera's lack of testimony as to the number of treatments to be performed beyond the next year and the indefiniteness of the hospital fees to be incurred, the jury's award of $200,000 is based upon uninformed speculation and a new trial on this issue will be ordered unless plaintiff stipulates to a reduced award of $8,900 (*see Hotaling v CSX*

*Transp.*, 5 AD3d 964, 970 [2004]; *Strangio v New York Power Auth.*, 275 AD2d 945, 946 [2000]; *Cramer v Kuhns*, 213 AD2d 131, 139 [1995], *lv dismissed* 87 NY2d 860 [1995]).

Plaintiff also failed to establish that his future lost wages would be $320,000. Such a loss "must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident" (*Johnston v Colvin*, 145 AD2d 846, 848 [1988]; *see La Fountaine v Franzese*, 282 AD2d 935, 940-941 [2001]). While there was evidence that plaintiff's injuries make his work as a truck driver more difficult and prevent him from working part time as a mechanic at $15 per hour, he resumed working as a truck driver shortly after the accident at the same rate of pay and continued to be so employed at the time of trial, five years later. Also, there was no proof as to how many hours of mechanic work he lost. Further, despite one physician's testimony that plaintiff likely would be unable to work as a truck driver at some point in the future, no one opined as to when that would occur or whether he then would be unable to do some other, less physical work at comparable pay. Accordingly, his future lost wages were not shown with reasonable certainty and no award should have been made in that category (*see Cardella v Henke Mach.*, 283 AD2d 894, 899 [2001]; *Ordway v Columbia County Agric. Socy.*, 273 AD2d 635, 637 [2000]; *Coutrier v Haraden Motorcar Corp.*, 237 AD2d 774, 777 [1997]).

Next, in reviewing the award of no damages for plaintiff's past pain and suffering and $600,000 for his future pain and suffering, we are mindful that a jury's damages assessment is accorded great deference and should not be set aside unless it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *Mihalko v Regnaiere*, 36 AD3d 983, 984 [2007]; *Warnke v Warner-Lambert Co.*, 21 AD3d 654, 657 [2005]; *Johnson v Grant*, 3 AD3d 720, 722 [2004]). Here, although plaintiff continued to work as a truck driver, the evidence established that the accident caused arthritis and spondylosis to his spine with significant daily pain and impairment of his physical abilities during the five years between the accident and trial. Given this proof, we agree with plaintiff that the award of no damages for his past pain and suffering was a material deviation from reasonable compensation, and there must be a new trial on this issue unless defendants stipulate to an award of $75,000 (*see Gillespie v Girard*, 301 AD2d 1018, 1018-1019 [2003]; *Ordway v Columbia County Agric. Socy., supra* at 636; *see also Murry v Witherel*, 287 AD2d 926, 928-929 [2001]).

As to future pain and suffering, there was evidence that

plaintiff's permanent conditions would worsen in the future, but there was no proof as to when that would be likely to occur. In view of that, and after comparing the future awards approved in similar cases, we conclude that the award of $600,000 for 30 years here deviates materially from what would be reasonable compensation, and there must be a new trial on the issue of future pain and suffering unless plaintiff stipulates to a reduced award in the amount of $450,000 (*see Acton v Nalley*, 38 AD3d 973, 976-977 [2007] [compression fracture, award reduced to $450,000 for 30-year period]; *Gehrer v Eisner*, 19 AD3d 851, 853 [2005] [herniated disks, award reduced to $125,000 for 33 years]; *Trala v Egloff*, 298 AD2d 878, 879 [2002] ["mild compression fracture," award of $50,000 for 40 years not excessive]; *Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002] [spinal fusion surgery, continuing pain, award of $175,000 for 30 years not excessive]).

Peters, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiff $200,000 for future medical expenses, $320,000 for future lost wages, nothing for past pain and suffering, and $600,000 for future pain and suffering; new trial ordered on the issues of damages for past and future pain and suffering and future medical expenses unless, within 20 days after service of a copy of the order herein, (1) defendants stipulate to increase the amount of the award for past pain and suffering to $75,000 and (2) plaintiff stipulates to reduce the amount of the award for future pain and suffering to $450,000 and for future medical expenses to $8,900, in which event said judgment, as so modified, is affirmed.