■ JOHN CANGRO et al., Appellants, v NOAH BUILDERS, INC., Respondent. [861 NYS2d 121]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Davis, J.), dated February 2, 2007, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated June 12, 2007, as denied that branch of their motion which was for leave to renew.

Ordered that the order dated February 2, 2007 is affirmed; and it is further,

Ordered that the order dated June 12, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

John Cangro, the injured plaintiff (hereinafter the plaintiff), while visiting his vacant house that was being repaired by the defendant Noah Builders, Inc., found empty boxes strewn in the driveway. The plaintiff, who was alone at the premises, gathered and folded the boxes, and was attempting to tie them up with a rope or cord when he fell. According to the plaintiff, one of his feet was on top of the folded boxes, he moved a little as he pulled on the rope or cord, and "the next thing [he] knew," he was on the ground.

The plaintiff, and his wife suing derivatively, commenced this

action against the defendant alleging negligence, breach of contract, and loss of consortium. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what had caused him to fall (see *Pluhar v Town of Southampton*, 29 AD3d 975 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]; *Birman v Birman*, 8 AD3d 219 [2004]). Additionally, the defendant demonstrated that any wrongful conduct on its part in leaving the empty boxes in the driveway was not a proximate cause of the accident (see *Torres v Hallen Constr. Corp.*, 226 AD2d 364 [1996]; *see also Ortiz v Jimtion Food Corp.*, 274 AD2d 508 [2000]; *Bank v Lincoln Shore Owners*, 229 AD2d 370 [1996]; *Poggiali v Town of Babylon*, 219 AD2d 626, 627 [1995]). The absence of proximate cause is fatal to the plaintiffs' claims, whether denominated in tort or in contract (see generally *Jorgensen v Century 21 Real Estate Corp.*, 217 AD2d 533 [1995]).

Even accepting the premise that the defendant was contractually required to remove the empty boxes from the site, there was no evidence that the defendant caused or created any dangerous condition that was a proximate cause of the plaintiff's injuries, as the defendant's dereliction, at most, merely created an opportunity for the plaintiff's injuries (see *Penovich v Schoeck*, 252 AD2d 799 [1998]; *see generally Poggiali v Town of Babylon*, 219 AD2d 626, 626-627 [1995]). "Fundamentally, a finding of proximate causation must be based on logical inferences from the record and, in the absence of any evidence as to the actual cause of plaintiff's fall, the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Penovich v Schoeck*, 252 AD2d at 800 [citations omitted]).

In opposition, the plaintiffs failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew. The new facts submitted by the plaintiffs would not have changed the prior determination, and the motion did not provide a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; *Matter of Gale v Lotito*, 50 AD3d 903 [2008]; *Williams v Nassau County*

760

*Med. Ctr.*, 37 AD3d 594 [2007]). Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.