JOSEPH PUMA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [865 NYS2d 630]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Flug, J.), dated October 22, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is granted.

"In order to impose liability in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous condition and that the defendant either created the defect or had actual or constructive notice of it" (*Medina v Sears, Roebuck & Co.*, 41 AD3d 798, 799 [2007]).

The plaintiff alleged that he was caused to fall on a staircase located in a New York City Subway station when his foot got caught in a drainage canal which is part of the staircase. It is undisputed that the staircase was built by the defendant New York City Transit Authority (hereinafter the NYCTA). In support of its motion, the NYCTA established that the drainage canal was not an inherently dangerous or defective condition inasmuch as it is located at the extreme edge of the stairway

tread, underneath the handrail (*see e.g. Dominitz v Food Emporium,* 271 AD2d 640 [2000]). Morever, the NYCTA further demonstrated that the canal provides the useful and beneficial function of draining accumulated water off of the staircase. The plaintiff's opposition, which consisted only of an affirmation by the plaintiff's counsel, failed to establish the existence of a triable issue of fact. "[S]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (*Przybyszewski v Wonder Works Constr.,* 303 AD2d 482, 483 [2003]; *see Tresgallo v Danica,* 286 AD2d 326 [2001]; *Varrone v Dinaro,* 209 AD2d 508 [1994]).

Accordingly, the Supreme Court should have granted the motion by the NYCTA for summary judgment dismissing the complaint insofar as asserted against it. In light of this determination, it is unnecessary to consider the NYCTA's remaining contentions. Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.