JOSEPH RANT, an Infant, by His Mother and Natural Guardian, MARINA RANT, et al., Respondents, v LOCUST VALLEY HIGH SCHOOL et al., Appellants. [997 NYS2d 695]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Naussau County (Winslow, J.), entered February 13, 2014, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

While participating in the Locust Valley High School's stage

crew club, the 16-year-old infant plaintiff (hereinafter the injured plaintiff) was walking through a small hallway and bumped into a stick that was protruding from a shelving unit. In order to move the stick out of the way, the injured plaintiff attempted to place it on top of the shelving unit. As he was reaching over the top, the stick "jiggled something loose" and "pushed" something, causing two two-by-four pieces of wood that were nailed together to fall on him. The plaintiffs commenced this action alleging, among other things, that the defendants were negligent in their maintenance of the premises and in their supervision of the injured plaintiff. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.

"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748, 749 [2014] [internal quotation marks omitted]; *see Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773, 773 [2013]; *Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). "It is true that whether a certain condition qualifies as dangerous or defective is usually a question of fact for the jury to decide" (*Przybyszewski v Wonder Works Constr.*, 303 AD2d 482, 483 [2003]). "However, summary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (*id.* at 483; *see Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d at 560; *Varrone v Dinaro*, 209 AD2d 508, 509 [1994]).

Here, the defendants established prima facie that there was no evidence of a dangerous or defective condition that caused the injured plaintiff's accident. The injured plaintiff testified at the General Municipal Law § 50-h hearing that he, in effect, inadvertently pushed the two two-by-four pieces of wood off the shelving unit with the stick. Under these circumstances, the presence of the two-by-fours resting atop the shelving unit "merely furnished the condition or occasion for the occurrence of the event," but was not one of its causes (*Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *see Castillo v Amjack Leasing Corp.*, 84 AD3d 1298, 1298 [2011]; *Ortiz v Jimtion Food Corp.*, 274 AD2d 508 [2000]; *see also e.g. Cangro v Noah Bldrs., Inc.*, 52 AD3d 758, 759 [2008]).

Contrary to the Supreme Court's determination, whether the

hallway was in a general "state of disarray" does not establish the presence of a dangerous condition that caused the injured plaintiff's accident (*see Halperin v Waldbaum's Supermarket*, 236 AD2d 514, 515 [1997]; *see also Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]).

The defendants also established their prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' claim of inadequate lighting. The injured plaintiff testified that the lighting was "moderate" and that he had "no problems seeing where [he] was going."

With respect to the negligent supervision cause of action, "while a school district is not an insurer of the safety of its students, since it cannot reasonably be expected to continuously supervise and control all of their movements and activities, it has a duty to adequately supervise the students in its charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773, 774 [2013]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Here, taking into account the injured plaintiff's age and voluntary participation in the extracurricular activity, the defendants established their prima facie entitlement to judgment as a matter of law with respect to the negligent supervision cause of action (*see Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d at 774; *Hansen v Bath & Tennis Mar. Corp.*, 73 AD3d 699, 701 [2010]; *Johnsen v Carmel Cent. School Dist.*, 277 AD2d 354 [2000]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]).

In opposition to the defendants' motion, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendants' remaining contentions. Balkin, J.P., Hall, Austin and Barros, JJ., concur.