■ Philip J. Maldari, Jr., Appellant, v Mount Pleasant Central School District, Respondent. [17 NYS3d 48]—

In an action, inter alia, to recover damages for negligent supervision, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated February 1, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff alleges that the defendant school district negligently failed to prevent him from being bullied by fellow students at his high school. The conduct consisted of, inter alia, verbal taunts, and acts in which other students allegedly pushed or bumped against the infant plaintiff, and culminated in an incident that occurred in the cafeteria, in which another student allegedly "grabbed" him and simulated a lewd act.

The infant plaintiff, by his parents, commenced this action seeking, among other things, damages for the emotional injuries he allegedly sustained based on a theory of negligent supervision. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, concluding that the infant plaintiff's alleged injuries resulted from the sudden and unforeseeable act of another student.

"Although schools are under a duty to adequately supervise the students under their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities" (*Legette v City of New York*, 38 AD3d 853, 854 [2007]; *see Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]). Indeed, a school district is not required to provide constant supervision of high school students (*see Johnsen v Carmel Cent. School Dist.*, 277 AD2d 354 [2000]; *Convey v City of Rye School Dist.*, 271 AD2d 154 [2000]).

To establish a breach of the duty to provide adequate supervision in a case involving injuries caused by the acts of fellow students, a plaintiff must demonstrate that school authorities " 'had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated' " (*McLeod v City of New York*, 32 AD3d 907, 908 [2006], quoting *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Siller v Mahopac Cent. School Dist.*, 18 AD3d 532, 533 [2005]). Actual or constructive notice of prior similar conduct is generally required, and injury caused by the "impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 553 [2005]).

Here, the defendant established, prima facie, that the alleged assault by a student in the cafeteria was an unforeseeable act and that it had no actual or constructive notice of prior conduct similar to the incident in the cafeteria (*see Harrington v Bellmore-Merrick Cent. High Sch. Dist.*, 113 AD3d 727, 728 [2014]; *Keith S. v East Islip Union Free School Dist.*, 96 AD3d 927, 928 [2012]; *Jake F. v Plainview-Old Bethpage Cent. School Dist.*, 94 AD3d 804 [2012]). In opposition, the infant plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the defendant's motion was properly granted. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.