Vivian Kilada, Appellant, 
against
Diocese of Rockville Centre and SISTER MARYANN NOONAN, Respondents.



Appeal from a judgment of the District Court of Nassau County, Second District (Douglas J. Lerose, J.), entered September 22, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of only $1 against defendant Diocese of Rockville Centre and dismissed the action against defendant Sister Maryann Noonan.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $1,035.70, for reimbursement of psychologist's bills plaintiff incurred on behalf of her school-age daughter. At a nonjury trial, plaintiff testified that, during seventh and eighth grades, her daughter had endured bullying while enrolled at St. Ignatius Loyola School. Plaintiff asserted that defendant Sister Maryann Noonan, who, at the time, was the principal of St. Ignatius Loyola School, had taken inadequate and inappropriate measures to address the problem, and that her actions had exacerbated the psychological harms plaintiff's daughter had suffered. Plaintiff testified that, in ninth grade, she had enrolled her daughter in a different school, which had insisted that her daughter be treated by a psychologist, and that only then had plaintiff become aware of the full extent of the harm her daughter had suffered at the St. Ignatius Loyola School. Plaintiff faulted defendants for failing to insist that her daughter receive psychological treatment while she was enrolled in the St. Ignatius Loyola School. Plaintiff sought to recover from defendants that portion of her daughter's psychologist's bills which had not otherwise been reimbursed. 
In her testimony, defendant Noonan confirmed that plaintiff's daughter had been excluded by some girls from their activities, but indicated that plaintiff's daughter had engaged in similar behavior with respect to other girls, and cast doubt on whether the other girls' behavior rose to the level of "bullying." She further testified that, at the time, the St. Ignatius Loyola School had had an anti-bullying program in effect. In addition, Noonan stated that she had recommended that plaintiff's daughter see a psychologist. Noonan stated that she had been employed by the St. Ignatius Loyola Parish, rather than defendant Diocese of Rockville Centre (Diocese). 
Following the trial, a judgment was entered awarding plaintiff the principal sum of $1 against defendant Diocese and dismissing the action against defendant Noonan. Plaintiff appeals.
In a small claims action, our review is limited to a determination of whether "substantial justice has ... been done between the parties according to the rules and principles of substantive [*2]law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
At trial, there were differing interpretations offered as to whether plaintiff's daughter had actually been bullied at the school. In any event, since plaintiff failed to establish that defendants had had sufficiently specific knowledge or notice of conduct by her daughter's classmates which could have been anticipated to have caused her daughter to suffer psychological harm (see Mirand v City of New York, 84 NY2d 44, 49 [1994]; Maldari v Mount Pleasant Cent. Sch. Dist., 131 AD3d 1019, 1020 [2015]), and since the only evidence of the nature or causation of psychological problems plaintiff's daughter had experienced was plaintiff's non-expert opinion and hearsay-based testimony (see Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227 [1997]; Levins v Bucholtz, 2 AD2d 351 [1956]), we conclude that the dismissal of the action against defendant Noonan rendered substantial justice between the parties according to the rules and principles of substantive law (see UDCA 1804, 1807). Although defendant Diocese is correct that plaintiff failed to prove any basis for awarding damages against it, as it has not cross-appealed from the judgment, we leave the award against it undisturbed.
Accordingly, the judgment is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: July 08, 2016