■ CODELL WILKS, Appellant, v CITY OF NEW YORK et al., Respondents. [40 NYS3d 504]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered July 14, 2015, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that while at the pain management clinic of Elmhurst Hospital, he attempted to sit in a chair with wheels, which rolled out from under him, causing him to fall to the ground and sustain injuries. The plaintiff subsequently commenced this action against the New York City Health and Hospitals Corporation (hereinafter the HHC) and another defendant. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the HHC, and the Supreme Court granted that branch of the motion.

"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773, 773 [2013]; *Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 562 [2010]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997], quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993]; *see Witkowski v Island Trees Pub. Lib.*, 125 AD3d 768, 769 [2015]; *Rant v Locust Val. High Sch.*, 123 AD3d 686, 687 [2014]). However, "[s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d at 560; *see Witkowski v Island Trees Pub. Lib.*, 125 AD3d at 769; *Rant v Locust Val. High Sch.*, 123 AD3d at 687; *Bishop v Marsh*, 59 AD3d 483, 483 [2009]; *Puma v New York City Tr. Auth.*, 55 AD3d 585, 586 [2008]; *Przybyszewski v Wonder Works Constr.*, 303 AD2d 482, 483 [2003]).

Here, the HHC established, prima facie, that there was no dangerous or defective condition that caused the plaintiff's accident (*see Witkowski v Island Trees Pub. Lib.*, 125 AD3d at 769; *Rant v Locust Val. High Sch.*, 123 AD3d at 687; *Bishop v Marsh*, 59 AD3d at 483; *Puma v New York City Tr. Auth.*, 55 AD3d at 586; *Przybyszewski v Wonder Works Constr.*, 303 AD2d at 483). The deposition testimony of the plaintiff and the hospital employee who observed his accident, as well as the testimony of the plaintiff at his hearing held pursuant to General Municipal Law § 50-h, established that the plaintiff's accident was not caused by any dangerous or defective condition in the chair the plaintiff attempted to sit in. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the HHC. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.