Bligen v New York City Tr. Auth. (2018 NY Slip Op 03432)





Bligen v New York City Tr. Auth.


2018 NY Slip Op 03432


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6505 155442/14

[*1]Samuel Bligen, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.


Burns & Harris, New York (Judith F. Stempler of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered March 7, 2017, which granted defendants' motion to set aside the jury verdict pursuant to CPLR 4404(a), and to dismiss plaintiff's complaint for failure to establish a prima facie case, unanimously affirmed, without costs.
Plaintiff alleges that he was caused to fall on a subway staircase when his heel got caught in a 3½-inch "gap" between the metal tread of one of the steps and the left wall of the staircase. He argues that the trial court's finding that he failed to establish a design defect is not dispositive of whether defendants had discharged their common-law duty to maintain the premises in a reasonably safe condition. He contends that the trial evidence, which showed a 3½ inch gap within the walking path of elderly and disabled riders using the left handrail, raised an issue of fact as to whether defendants discharged their common-law duty, and that such proof was legally sufficient to support the jury verdict.
Contrary to plaintiff's contention, the trial evidence does not show that the gap was within the walking area of subway riders. Rather, the evidence establishes that the gap was located directly underneath the handrail. The New York City Transit Authority employee who was called as a witness by plaintiff, testified that handrails would be placed "in line with the end of the metal tread," and that the gap was not an intended walking area, but to serve as water drainage. Plaintiff has not submitted any proof disputing the placement of the handrail, or the purpose of the gap. Thus, he did not demonstrate that the stairs constituted a dangerous condition (see Puma v New York City Tr. Auth., 55 AD3d 585 [2d Dept 2008]). Furthermore, plaintiff never explained how his foot ended up flush against the wall, underneath the handrail.
Because "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [individuals] to the conclusion reached by the jury on the basis of the evidence presented at trial," defendants are entitled to having the jury verdict set aside, and judgment granted in their favor, under CPLR 4404(a) (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Soto v New York City Tr. Auth., 6 NY3d 487, 492 [2006]). Further, since plaintiff did not establish a prima face
case for the same reasons stated above, defendants are also entitled to dismissal of the complaint under CPLR 4401 (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK