McKevitt v True N. Urgent Care, LLC (2024 NY Slip Op 00761)

McKevitt v True N. Urgent Care, LLC

2024 NY Slip Op 00761

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-01706
 (Index No. 57281/19)

[*1]Angelina McKevitt, appellant, 
v
True North Urgent Care, LLC, respondent, et al., defendant.

Napoli Shkolnik PLLC, New York, NY (Joseph P. Napoli of counsel), for appellant.
Kiernan Trebach, LLP, New York, NY (Sim Rivkin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated March 2, 2022. The order, insofar as appealed from, (1) denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant True North Urgent Care, LLC, and (2) granted the cross-motion of the defendant True North Urgent Care, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured at an urgent care facility owned by the defendant True North Urgent Care, LLC (hereinafter True North). The plaintiff commenced this personal injury action alleging that, while at the urgent care facility, she fell when she attempted to sit in a chair with wheels which rolled out from under her. The plaintiff moved, inter alia, for summary judgment on the issue of liability against True North. True North cross-moved for summary judgment dismissing the complaint insofar as asserted against it. By order dated March 2, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion and granted True North's cross-motion. The plaintiff appeals.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Cashwell v Stop & Shop Supermarket Co., LLC, 219 AD3d 795, 796). Although the issue of whether a dangerous or defective condition exists on the property of another is generally a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977), "[s]ummary judgment in favor of a defendant is appropriate where a plaintiff fails to submit any evidence that a particular condition is actually defective or dangerous" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d at 560; see Villalba v Daughney, 214 AD3d 843, 844; Wilks v City of New York, 144 AD3d 673, 675).
Here, on its cross-motion for summary judgment dismissing the complaint insofar as asserted against it, True North established, prima facie, that there was no dangerous or defective condition that caused the plaintiff's accident (see Villalba v Daughney, 214 AD3d at 844; Wilks v [*2]City of New York, 144 AD3d at 675). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative and insufficient to raise a triable issue of fact (see Boris L. v AMC Entertainment Holdings, Inc., 208 AD3d 859, 860).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted True North's cross-motion and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against True North.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court